BLANCHE, Justice.*
Defendant, Leonard Ray Sharpley, Jr., entered a plea of guilty to a charge of simple burglary of an inhabited dwelling, a violation of R.S. 14:62.2. The trial judge imposed a sentence of ten years at hard labor, the first year to be served without benefit of parole, probation or suspension of sentence. On appeal, defendant attacks this sentence on the basis of two assignments of error.
Defendant, Audrey Mitchell and Greg Cochran were charged with the burglary of the DeSoto Parish residence of Robert Bass. On the night of March 22, 1981, Bass surprised two burglars inside his home. He fired at the men as they fled, but the thieves escaped, taking several firearms from the residence.
One week later, police arrested Greg Cochran for speeding and resisting arrest. Cochran’s vehicle was impounded and an inventory search uncovered a pistol taken in *330 the Bass burglary. Cochran told police that defendant had been the driver of the speeding vehicle, and had fled on foot when officers stopped the automobile. In statements given to police, defendant and Cochran admitted burglarizing the Bass residence, and implicated Audrey Mitchell, the defendant’s ex-wife.
Defendant and Cochran subsequently pleaded guilty to simple burglary of an inhabited dwelling. Mitchell was allowed to plead guilty to a reduced charge of simple burglary.

Assignments of Error Numbers 1 and 2

By these assignments, defendant maintains that the sentence imposed by the trial court is excessive, and inadequately supported by reasons as required under C.Cr.P. art. 894.1. The maximum penalty for a violation of R.S. 14:62.2 is twelve years at hard labor. The statute also requires that the first year be served without benefit of parole, probation or suspension of sentence. In the instant case, the defendant was sentenced to ten years at hard labor.
In sentencing defendant, the trial court relied heavily upon the pre-sentence investigation report prepared by the Division of Probation and Parole. He noted that the 21-year-old defendant had been involved in criminal activity for a significant period of time. The trial court believed defendant had been the principal actor in several burglaries in the area, including the instant offense. He also stated that defendant had an unsatisfactory juvenile record and a very sparse record of employment.
The trial judge then concluded that there was an undue risk that, during the period of a suspended sentence or probation, the defendant would commit another crime. He stated that defendant was in need of correctional treatment or a custodial environment which can best be provided by his commitment to an institution and, accordingly, imposed the sentence at issue.
Although it does not appear that these remarks by the trial court fully satisfied the requisites of C.Cr.P. art. 894.1, we conclude that the record in this case “clearly illumines” the sentencing choice. State v. Martin, 400 So.2d 1063 (La.1981).
The pre-sentence investigation report reveals that defendant is a 21-year-old first felony offender. Defendant is divorced, but is living with his ex-wife, Audrey Mitchell, who gave birth to defendant’s child shortly before sentencing. According to the pre-sentence report, defendant has a history of prior criminal delinquency and was placed on juvenile probation in 1973 for theft. Defendant also has a lengthy arrest record, involving mostly charges of criminal mischief and traffic offenses. Approximately nine theft-related offenses are pending against defendant, including six charges of simple burglary.
The report also notes defendant’s refusal to cooperate with the Division of Probation and Parole in its preparation. Defendant did not appear for his scheduled appointment with the probation officer who prepared the report. On the basis of his lengthy arrest record and apparent lack of respect for the law or its officers, the report concludes by recommending that defendant receive the maximum sentence.
The defendant argues that the trial court was unduly influenced by the information contained in the pre-sentence investigation report. He also argues that the entire report is prejudicial. We note, however, that defendant was served with a copy of the report and notified of his right to traverse any of the information contained therein at least 25 days prior to sentencing. Before imposing sentence, defendant was allowed to explain his failure to meet with probation officers in connection with the preparation of the report. According to defendant, “I was under the impression that I was going to do time anyway and it didn’t really matter that much. I didn’t realize that it mattered as much as it did.” Although given the opportunity at that time to traverse the information contained in the pre-sentence report, defendant failed to do so.
Defendant, Cochran and Mitchell were sentenced at the same hearing held on August 19,1981. In noting his objection to the *331 10-year sentence, defendant’s counsel requested that the pre-sentence investigation reports prepared on Cochran and Mitchell be made a part of the record. We may, therefore, also look to information contained in these reports in evaluating defendant’s excessiveness claim.
The report on Greg Cochran contains his statement that the purpose of the burglary was the theft of guns. The trial judge sentenced Cochran to three years at hard labor, stating that this lesser sentence was based on the court’s belief that Cochran had been influenced by Sharpley in the commission of the burglary. Cochran’s report notes that his criminal activity began around 1979, at about the time he became close friends with Leonard Sharpley.
Reviewing all of the evidence contained in the record, we cannot say that the 10-year sentence imposed by the trial court is unconstitutionally excessive. Defendant has a long history of criminal involvement. Although the instant offense is the first to give rise to a felony conviction, we note that the circumstances of this offense alone justify a severe sentence.
Defendant and his accomplices burglarized a residence in order to obtain weapons, decidedly an aggravating factor. During the course of the burglary, the owner of the residence surprised the thieves, firing at least five times in their direction. Defendant’s conduct thus provoked a life-threatening situation, one which he logically could have foreseen.
Defendant’s lack of responsibility or respect for the law is further demonstrated in his failure to cooperate with the probation officers in the preparation of his pre-sen-tence report, when such cooperation would have been definitely in his own best interest.
As a mitigating factor, defendant now has one dependent, the child born to Audrey Mitchell. Defendant’s pre-sentence report, however, reveals that defendant can barely provide for his own support, leaving the possibility that he can meaningfully contribute toward the support of this small child at best marginal.
For the foregoing reasons, we conclude that the sentence imposed by the trial court is not excessive 'and it is, accordingly, affirmed.
AFFIRMED.

 Judges Philip C. Ciaccio and Israel M. Augustine of the Fourth Circuit Court of Appeal and Judge H. Charles Gaudin of the Fifth Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.