BOUTALL, Judge.
On November 24, 1981, defendant-appellant Gerard F. Gaudin was arrested and charged with a violation of La.R.S. 14:62, simple burglary of a building located at 2640 Ridgelake, Metairie, Louisiana, belonging to Creative Marketing Sales, Inc. Appellant was found guilty after a judge trial. His motion for new trial was denied. Subsequently Gerard Gaudin was sentenced to six months in Parish Prison, with credit for time served. He then filed a motion to alter the sentence in lieu of appeal, which was denied. Defendant-appellant has now appealed his conviction under La.R.S. 14:62. We affirm.
The appellant has specified a sole error for our review, namely, that the evidence and testimony adduced at trial do not support a finding that he had the intent to commit a felony or theft inside the premises or that he did not have permission to be inside the premises of Creative Marketing Sales.
FACTS
Gerard Gaudin, testifying on his own behalf at trial, stated that he was given permission by Silvio Fernandez, the co-owner and president of Creative Marketing Sales, Inc., to enter the premises, maintaining that he was paid $2,000.00, by Fernandez, to “destroy and wreck” the premises or in other words, to do an “insurance job.”
Wayne Fletcher, a friend of the defendant testified he was present at the time of the money transaction. Although he did not hear or know the reason for the meeting, he testified that it did occur and that money did change hands. He was introduced to Mr. Fernandez, but stepped aside so that their business could be conducted.
On the night on which defendant was arrested, he was caught by police at the scene of the crime. The office building had been vandalized and several pieces of office equipment had been stolen. None of the stolen items was found in Gaudin’s possession, however, Gaudin had two accomplices who fled as the police were arriving.
An insurance claim for damages and or theft was filed by the vice president of Creative Marketing Sales in the amount of $30,475.00. Of that amount the insurer paid approximately $26,000.00, after depreciating the value of the items. Among the stolen equipment, a postage meter, a QUIP machine, and a black and white television were subsequently recovered at a flea market.
SPECIFIC INTENT REQUIREMENT OF SIMPLE BURGLARY
Appellant argues that the state failed to meet its burden of proof of the specific *770 intent required to obtain a conviction of simple burglary. La.R.S. 14:62 provides in pertinent part:
62. Simple burglary
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
* * * * * *
Under the statute intent is an essential element of the crime of simple burglary, and appellant submits that specific intent to steal was not proven. To the contrary, the defense argues, the police report reflected that the defendant was seen exiting from the building, then ducked back in, and upon an order from the police, came out of the building empty-handed.
We have reviewed the record and we find appellant’s argument to be without merit. There was more than enough evidence to prove, beyond a reasonable doubt, that the defendant had the intent to commit a theft inside the building, though he was also, as he testified, busy vandalizing it. The defense agreed to stipulate to the facts contained in the police report, and it was admitted into evidence. It contained the following recitation:
Officers observed arrested subject run from building through broken glass door, then subject saw police car’s (sic) and ran back into building. At this time Sgt. Rehaye exited vehicle with police dog to enter building. At this time arrested subject surrendered without incident. As officers made arrest of subject a green Ford Elite unknown license info fled the scene with rear trunk ajar. Also second subject fled area on foot.
* # * * * *
In addition, Ms. Sylvia O’Neill, the Vice President of Creative Marketing Sales, testified as to what she saw when she arrived on the premises after being contacted by the police. She found items of office equipment, including a Canon photocopier, a VCR, and 2 television sets, that had been stacked by the shattered plate glass front door. The police found another video recorder outside the entrance to the building. Furthermore the fleeing accomplices managed to get away with another trunkful of equipment, some of which was later recovered as we noted above.
As to proof of intent, the law is settled that intent is an element of the crime of simple burglary and therefore is a question of fact which must be established. However, because of its subjective nature intent may be inferred from the circumstances of the transaction. See State v. Dickerson, 353 So.2d 262 (La.1977), La.R.S. 15:445.
We find that the record supports a very strong inference that the defendant had the intent to commit a theft inside the premises of Creative Marketing Sales, and the trial court did not commit error in so concluding.
We conclude this point by noting, in passing, that there was also more than ample evidence to convict Gerard Gaudin under the “intent to commit a felony” prong of La.R.S. 14:62.[1] The language in the statute, as quoted above, provides that simple burglary is unauthorized entering “with the intent to commit a felony or any theft.. .. ” Appellant himself admitted on the stand, several times, that he had been hired to do an insurance job and had wrecked the premises in accordance with that agreement. The president of Creative Marketing Sales testified that the insurance company paid off $26,000.00 for the damage. Damage in this amount constitutes Simple Criminal Damage to Property, a felony under La.R.S. 14:56.
UNAUTHORIZED ENTRY
The trial judge did not believe defendant’s testimony that he entered the premis *771 es and wrecked them pursuant to the president of the corporation’s demand. To use the trial judge’s own words, this was strictly a credibility call, and the trial judge’s findings are entitled to great weight.
In State v. Holley, 362 So.2d 1089 (1978), at 1089, 1090, where the defendant was appealing on a motion to suppress, the Supreme Court held:
“These assignments raise substantial issues, but these essentially involve our review of whether the trial court erred in its appreciation of the factual evidence and in its evaluation of the witness’s credibility. On appeal, the reviewing court accords great weight to such factual determinations of the trier of fact, and it does not disturb them unless they are clearly erroneous.”
In State v. Turner, 81 So.2d 861 (La.1955) at 863 the Supreme Court held that: “... it is not within the province of this court to pass on the credibility of witnesses or decide the weight to be given the evidence, these being matters exclusively for the jury or the judge.... ”
We find that the trial judge was not in error in his appreciation of the testimony, and we decline to disturb his findings on appeal.
Therefore, for the foregoing reasons the conviction of appellant Gerard Gaudin is affirmed.
AFFIRMED.

. The Bill of Information charged only that the defendant “. .. violated R.S. 14:62 in that he did commit simple burglary of the building and structure located at 2640 Ridgelake....” We do not find in the record a Bill of Particulars requesting information as to the manner in which the offense was committed. Therefore the state was not bound to proving theft.