BOWES, Judge.
Defendant, James E. Johnson, a/k/a Ray Vaughn, was charged by a Bill of Information filed April 13, 1981, with a violation of La.R.S. 14:64 (armed robbery). Following a jury trial on September 28 and 29, 1982, defendant was found guilty as charged, and, on Friday, October 16, 1982, he was sentenced to twenty years at hard labor, without benefit of parole, probation, or suspension of sentence. From that conviction and sentence, defendant appeals. We affirm both the conviction and the sentence.
In the early morning hours of March 24, 1981, Margaret Davidson was on duty as a cashier in the Time Saver Store located at 401 Lapalco Boulevard, on the westbank of Jefferson Parish.
At approximately 2:00 a.m., David Scales, the brother of Ms. Davidson, who was on his way to work, stopped in the store to pick up a few items and to talk to his sister. While Mr. Scales was in the store, two men entered, made a small purchase, and left. Approximately fifteen minutes later, the same two men returned; both were armed. One of the subjects approached Mrs. Davidson and her brother, Mr. Scales, at the cash register, while the other remained near the entrance to the store. The subject at the cash register forced Scales to the floor and put his knee on Scales’ back, while the other did the same to a customer, Leon Robinson, who had entered the store. Mrs. Davidson was ordered to remove the money from the cash register and safe. She put approximately $117.00 in bills and change into a paper bag and gave it to the man holding the gun on her brother. Scales’ wallet was also removed from his pocket and the robber at the entrance took a wallet containing $10.00 from the customer. The men then fled from the store.
After they left, the police were called and a description of the subjects, obtained from the victims, was broadcast. Officer Al Penouilh of the Jefferson Parish Sheriff’s Office, while canvassing the area, was flagged down by a man on a motorcycle who advised him that there was a suspicious vehicle in the neighborhood, in which two men were sitting. Sergeant Bolser and Lieutenant Dorsey, also of the Jefferson Parish Sheriff’s Office, responded to Penouilh’s call.
When the officers arrived on the scene, they observed a white 1976 Pontiac parked on the corner of Baywood, facing the dead-end section of the street. Since there did not appear to be anyone in the vehicle, the officers spotlighted the area. At that time, in response to a voiced command, one subject alighted from the passenger side of the car and, after several more verbal commands for anyone else in the vehicle to exit, the other subject exited on the driver’s side. The officers then approached the vehicle to ascertain that no one else remained therein. Upon looking inside, they saw money strewn all over the front seat; two revolvers were also observed.
The officers then realized that they may have apprehended the robbers since the subjects matched the broadcast description. *718 Ms. Davidson and Mr. Scales were brought to the scene and both identified the defendant, James Johnson, a/k/a Ray Vaughn, as one of the perpetrators of the armed robbery. Both stated that it was he who had approached the cash register, held both of them at gunpoint, demanded money from the register and the safe, and had stolen Mr. Scales’ wallet. The defendant was arrested and the present prosecution was initiated.
Three sanity hearings were convened before the trial and, as a result of these hearings, on February 26, 1982, the defendant was adjudicated sane and competent to assist counsel in preparation of his defense.
The defendant was arraigned on September 28, 1982, immediately preceding his trial on the charge of armed robbery. A plea of not guilty and not guilty by reason of insanity was entered on his behalf. An additional sanity commission was requested at that time by the defense, but was denied by the court. Trial before a twelve-person jury commenced and, on the following day, September 29, 1982, a verdict of guilty of armed robbery was returned. Post trial motions filed by the defense were denied by the court on October 15, 1982, and, on that same date, the court sentenced the defendant to 20 years at hard labor without benefit of parole, probation or suspension of sentence. Although the state expressed the intent to bill the defendant as a habitual offender, no such proceeding appears in the record.
ASSIGNMENTS OF ERROR:

Assignment Number 1

By this assignment, the defense asserts the trial judge committed reversible error when he failed to grant the defendant’s Motion for a New Trial. The motion was based on an allegedly incorrect ruling during the trial, which was purportedly prejudicial to the defendant. During the presentation of the state’s case, the investigating officer, in response to the prosecutor’s question, testified as follows:
Q. Once you arrived at that location, what happened?
A. We observed a car, myself and Sergeant Bolser, and we observed no one in there. We shined a spotlight on the car and two subjects were lying down in the seats and started to get up. We approached the car and ordered them to get out of the car. We started to search them. That is when we noticed that they fit the description. When we searched the passenger of the car, the subject sitting there, that is when he stood up, you know, after we searched him and he said, “You got us, right, we pulled the job.
(R. pp. 428-429).
At this point, defense counsel objected and moved for a mistrial. The trial court denied the mistrial and admonished the jury to disregard the statement of the witness. The admonishment is excerpted:
Ladies and gentlemen of the jury, just before you were asked to leave the room the witness had testified and made a statement to the effect that the defendant allegedly said, “You got us, right, we pulled the job.” The Court is now admonishing you to disregard the statement in its entirety.
(R. p. 431).
“It is within the trial court’s discretion to grant a mistrial if it believes that an admonition is insufficient to assure the accused a fair trial when prejudicial remarks (not listed in C.Cr.P. art. 770) have been voiced, [citations omitted]. The proper remedy for a witness’ unsolicited references is admonition.” State v. Stephenson, 412 So.2d 553, 556-557 (La.1982). In the present case, as indicated above, the trial judge admonished the jury to disregard the remark.
Assuming arguendo, that the ruling of the trial court was in error, La.C.Cr.P. art. 851 provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever: ...
*719 (2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error; ...
The defense argument regarding a new trial is based on section (2) above, namely that the ruling of the trial court denying the mistrial shows prejudicial error.
The Official Revision Comment following Article 851 states:
(b) The first paragraph, taken almost verbatim from Art. 508 of the 1928 Code, stresses the basic requirement that the irregularities complained of in a motion for a new trial must have resulted in the doing of an injustice to the accused. In addition to the general requirement, it is particularly important to stress this harmless error concept in connection with grounds (2) and (4), irregularities or defects in the proceedings.
In the light of the substantial evidence against the defendant, we cannot conclude an injustice was done.
C.Cr.P. art. 921 provides, “[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, or irregularity, or variance which does not affect substantial rights of the accused.”
In deciding whether an error involving the denial of a federal constitutional right can be held harmless in a state prosecution, the Louisiana Supreme Court, in State v. Gibson, 391 So.2d 421 (La.1980), adopted the standard enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) as the standard to be applied upon appellate review.
That test requires the reviewing court to determine “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction” and to affirm the ruling only when “the court [is] able to declare a belief that (the error) was harmless beyond a reasonable doubt.” The court noted additionally “that the Chapman rule provides a helpful supplemental guide in cases involving only errors of state procedure or state law.” See State v. Gibson, supra at 428. Applying the Chapman standard of review to the instant case, we find, in view of the remaining evidence of guilt introduced at trial, that the action of the trial court in no way prejudiced the accused. See also State v. Shea, 421 So.2d 200 (La.1982).
We find that this assignment is without merit.

Assignment Number 2

By this assignment, the defense asserts the trial judge erred in sentencing the defendant to a term of twenty years at hard labor without benefit of parole, probation or suspension of sentence. It is argued that the trial judge failed to articulate the reasons for sentencing as mandated by C.Cr.P. art. 894.1 and that the sentence imposed is illegally excessive.
The trial judge, in delineating the reasons for the sentence imposed, observed that the defendant’s record “is one that indicates serious violations of law and order” and further noted that Vaughn was “engaged in a life of crime” and was “in and out of violations of the law for that period of time [20 years].” (Vol. II, R. p. 530). The trial judge additionally took cognizance of the fact that “the nature of the crime that was involved in this situation is one of the most serious crimes that we are faced with in society” and then detailed the circumstances surrounding the offense before imposing sentence.
C.Cr.P. art. 894.1, requiring the trial judge to consider certain factors in deciding whether to confine a defendant or grant probation, represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of a particular case. It was also designed to afford a reviewing court some insight into the reasoning process of the trial judge, so that the propriety of the sentence can be evaluated. State v. Robicheaux, 412 So.2d 1313 (La.1982).
In this case, the trial judge complied minimally with the mandates of Article 894.1. However, lack of full compliance does not automatically compel the reviewing court to remand if there is evidence in *720 the record which clearly justifies the sentencing choice, or if there is no apparent abuse of discretion in imposing sentence. See State v. Brown, 412 So.2d 998 (La. 1982); State v. Price, 403 So.2d 660 (La. 1981); and State v. Robicheaux, supra.
The record reflects that the defendant was 49 years old at the time of the offense, single, with no dependents. (R. p. 21). Although urging insanity as a defense to his actions, two psychiatrists concluded, after testing and observation that the defendant was feigning mental illness. The many pre-trial motions and writs filed by the defendant confirm the trial judge’s assessment that Vaughn was engaged in a “life of crime.” The motions filed by the defendant recount a history of felony charges in California (for which he states he was found not guilty by reason of insanity) and mentions several pending charges in Jefferson Parish, including burglary and/or receiving stolen things and possession of Tal-win.' (R. p. 42 and 54). He additionally asserts a history of alcohol and drug abuse. (R. p. 100). The motions themselves demonstrate more than an average knowledge of the inner workings of a court system and corroborate the opinion of the psychiatrists that the defendant was a malingerer.
The offense evidenced a degree of planning and forethought, as the victims testified that Vaughn had previously entered the store, made a small purchase, and departed, before entering the store again to rob. The crime not only endangered the life of the cashier, but also the lives of two customers who had guns put to their heads by the defendant and his accomplice and were robbed of money, personal identification, and credit cards. Although charged with only one armed robbery, there were actually three victims placed in immediate jeopardy.
In State v. Telsee, 425 So.2d 1251 (La.1983), the Louisiana Supreme Court, in issuing guidelines which we are bound by law to consider in determining whether a sentence, by its length or harshness, is disproportionate to the underlying offense, stated:
There are several factors which are useful in determining whether the sentence by its excessive length or severity is greatly disproportioned to the underlying offense. Disproportionality analysis is cummulative and focuses on a combination of these factors, [citations omitted]
 The initial elements to be analyzed in determining whether the punishment is constitutionally disproportionate are the nature of the offense and the offender....
 Another factor is comparison of the defendant’s punishment with the sentences imposed for similar crimes by the same court and other courts....
Additional factors which have been considered are the legislative purpose behind the punishment and a comparison of the defendant’s punishment with how he would have been punished in other jurisdictions.
The offender is obviously no stranger to the justice system, having been arrested for several felonies, not only in this jurisdiction but others. The instant offense reflects a disregard for the lives and property of others, as the facts set forth above and by the trial court indicate. While the defense argued in mitigation that the defendant was not responsible for his actions, the evidence did not support this árgument. Nothing else in mitigation was either argued or found in the record.
A survey of recent armed robbery cases recently decided by the Louisiana Supreme Court[1] reflects that the “average” sentence imposed was 27V7 years, over 7 years above the sentence imposed on the defendant herein.
The Louisiana Legislature has apparently deemed armed robbery to be a particu *721 larly serious offense and has adopted a wide sentencing range of from five to ninety-nine years. Such a wide range in possible sentences provides the trial court with great latitude in particularizing the punishment rendered to the particular offender.
The defendant’s sentence is in the lower range of that prescribed by the statute and below the “average” sentence affirmed by the Louisiana Supreme Court. Considering the circumstances surrounding the offense and the character and propensities of the defendant, Vaughn, we find the sentence to be reasonable and well below that which we would consider excessive.
For the reasons assigned, we affirm the conviction and the sentence imposed by the trial court.
AFFIRMED.

. State v. Smith, 433 So.2d 688 (La.1983); State v. Williams, 420 So.2d 1116 (La.1982); State v. Tribbet, 415 So.2d 182 (La.1982); State v. Williams, 414 So.2d 371 (La.1982); State v. Walker, 414 So.2d 1245 (La.1982); State v. Tokman, 412 So.2d 561 (La.1982); State v. Jones, 412 So.2d 1051 (La.1982); State v. Robicheaux, 412 So.2d 1313 (La.1982).