BOWES, Judge.
Defendant, Leroy J. Berthelot, was charged by a Bill of Indictment with one count of violation of LSA-R.S. 14:42, aggravated rape and one count of violation of LSA-R.S. 14:27, 14:30.1, attempted second degree murder. After trial by jury, he was convicted as charged and was subsequently sentenced to consecutive sentences of life imprisonment without benefit of probation, parole or suspension of sentence on the first count and to fifty years at hard labor on the second count. From those convictions and sentences, defendant appealed, alleging twelve assignments of error.
Defendant failed to brief eleven of the assignments of error and we, therefore, deem those alleged errors as abandoned. See Rule 2-12.4, Uniform Rules of the Courts of Appeal, State v. Triplett, 434 So.2d 1270 (La.App. 1st Cir.1983) and State v. Dirden, 430 So.2d 798 (La.App. 5th Cir. 1983).
ASSIGNMENT OF ERROR NO. 10
The Trial Court committed reversible error in sentencing the defendant to a term of life-imprisonment without benefit of probation, jparole, or suspension of sentence and a term of 50 years at hard labor to run consecutively, which sentence is excessive.
Relating to Assignment of Error No. 10, the defendant designates the objection of counsel and the ruling of the trial court, T.T. pp. 1-9 of the hearing held on June 24, 1983.
ARGUMENT
The defense submits that the imposition of consecutive sentences for offenses based on the same act or transaction was contrary to law and jurisprudence. The defense cites La.C.Cr.P. art. 883 which states in pertinent part tht “[i]f the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that same or all be served consecutively.” Because of the imposition of consecutive sentences violates the constitutional prohibition against excessive sentences, (La. Const. Art. 1, Sec. 20), the defense respectfully requests that the sentence should be vacated and remanded for a hearing to determine if the consecutive sentence is appropriate.
*694 Two issues are presented by the defense. The first is whether the fact that the defendant has no prior adult criminal record should have a bearing on the imposition of consecutive sentences and the second is whether this single violent act actually constitutes a danger to society.
In arguing the first issue presented, the defense cited State v. Underwood, 353 So.2d 1013 (La. 1977), as authority for the principle that concurrent, rather than consecutive, sentences are the usual rule, particularly if the defendant has no prior criminal record and if there was no showing that the public safety demands a longer sentence. That case dealt with a defendant whose personal background and offense is clearly distinguishable from the case before us. Underwood, a first offender, was a businessman with a settled family and a lifelong resident of that parish. He had been convicted of selling marijuana on three separate occasions over a two-month period. His sentences totalled twenty-five years when served consecutively. The Supreme Court reasoned that such a cumulative sentence was excessive, absent some explanation which was not found in the record.
In the instant case, the defendant engaged in a particularly violent and heinous crime. In addition to being raped, the victim suffered a fractured skull, three lacerations to the scalp and forehead, a broken right arm, a crushed finger and another broken bone on her left hand, and the left side of her jaw was very swollen and sore.
Although this was the defendant’s only conviction as a major, similar aberrant behavior was the basis of a previous juvenile conviction, which involved sex with and the subsequent killing of horses. It is obvious to us that the trial court was unwilling to allow any further progression of the defendant’s sexual perversion.
In addressing the second issue presented, defense cited State v. Cox, 369 So.2d 118 (La.1979), as authority for the premise that a single violent act does not, in itself, justify characterizing the defendant as a danger to society, especially when no evidence that such behavior would reoccur has been presented.
Cox is analogous to Underwood in that it, too, can easily be distinguished from the case before this court. The single violent act perpetrated by the defendant Cox was an unplanned escalation of a fight over money owed in a pool-hall controversy. As the defendant was a first offender, with no record of ever having lost his self-control, the court found that a remand for a hearing on the imposition of consecutive sentences was appropriate.
In the instant case, the defendant’s behavior exhibited a certain degree of planning, as almost seven hours elapsed between the time he had seen the victim enter her apartment (7:00 p.m.) and the time he climbed into her window (1:30 a.m.). The fact that Berthelot came armed with a sawed-off pool cue and started beating the victim as she lay sleeping elevates the enormity of the violence to a level which cannot be compared to an altercation which intensified in a matter of minutes.
In State v. Carter, 412 So.2d 540 (La. 1982), the Louisiana Supreme Court affirmed the imposition of a life sentence for a conviction of aggravated rape and a second sentence of fifty years for attempted first degree murder which was to be served consecutively with the first. Because of the particularly heinous nature of the crimes and the fact that the defendant had been previously convicted of felony offenses, the court found no abuse of the wide discretion vested in the trial court.
Recently, in State v. Lewis, 416 So.2d 921 (La.1982), consecutive sentences were vacated and the case remanded for failure to adequately comply with Article 894.1. The Supreme Court stated that “[wjhile not controlling the discretion of the court, these [mitigating] circumstances must be accorded weight in its determination of the sentence. Moreover, the imposition of consecutive sentences for crimes arising from a single course of conduct requires particular justification. State v. Jacobs, 371 So.2d 727 (La.1979); State v. Cox, supra.”
*695 On the other hand, consecutive sentences were affirmed in State v. Murdock, 416 So.2d 103, 105 (La.1982) because the trial court’s lengthy dissertation on the facts of the case and his application of the guidelines in La.C.Cr.P. art. 894.1 in his sentencing choice. The Supreme Court noted that the purpose of the article “is to assist the court in the exercise of its broad discretion regarding the imposition of a fair and proper sentence in a particular ease [citation omitted].” Later in the opinion, it was noted that “it is our function, as a reviewing court, to not merely substitute our judgment for that of the trial judge, but'to determine whether that court abused its broad discretion in sentence imposition.” Supra at 106.
In the instant case, the trial judge made a direct and conscious effort to apply the guidelines of Article 894.1 to the circumstances of the offense and the background of the defendant. Judge Burns, in sentencing the defendant, stated:
... [A]s to the attempt [sic] second degree murder, this Court is guided by the sentencing guidelines set forth in Article 894.1 of the Code of Criminal Procedure and I considered those sentencing guidelines.
Those guidelines state that this Court shall state for the record the considerations taken into account and the factual basis in imposing sentence.
I sat through the jury trial; I heard the evidence presented. The evidence as to guilt was overwhelming ... [and] left no possible doubt in my view as to this defendant’s guilt....
This was a brutal crime to say the least; a brutal attack. And this lady who testified described how she was clubbed, how her arm was broken, her hand was broken, her jaw was smashed and she suffered — her jaw was fractured, and she suffered a fractured skull. The evidence indicates she could have bled to death, but fortunately she did not die. [...]
I, of course, know a great deal of Leroy Berthelot because I’ve conducted a number of hearings. I know a great deal about his prior psychiatric problems, which I don’t feel is necessary to repeat here this morning. I have considered his entire background and I have considered these guidelines.
Now, Article 883 of the Code indicates that ... “if a defendant is convicted of two or more offenses based on the same act or transaction, the terms of imprisonment shall be moved concurrently unless the Court expressly directs that some or all be served consecutively” ... This type of crime being so vicious and so brutal to me dictates that I impose consecutive time and I will impose consecutive time.
The sentencing guidelines [of C.Cr.P. art. 894.1] direct that I should consider whether he — whether his criminal conduct caused or threatened serious harm. It obviously caused most serious harm, almost death.
Second: Whether the defendant did not contemplate that his conduct would cause — threaten serious harm. The answer to that is obvious. He did contemplate that his conduct would cause serious harm.
Third: That he acted under strong provocation. There’s nothing here to mitigate to say that he acted under any provocation at all.
Four: There were substantial grounds tending to excuse or justify his criminal conduct, though failing to establish a defense. I fail to find any such grounds.
The victim of the criminal conduct induced or facilitated its commission. This lady was in bed at night and was brutally attacked.
Sixth: The defendant has compensated or will compensate the victim. How could he possibly ever compensate her for what he did?
[Seventh]: He has no history of prior delinquency of criminal activity or he’s led a law abiding life for a substantial period of time. That doesn’t apply to Leroy Berthelot.
*696 [Eighth]: His criminal conduct was a result of circumstances unlikely to reoccur.
I’m afraid that it might reoccur if this man were ever allowed to walk the streets again.
Nine: The character and attitude of the defendant indicates he’s unlikely to commit another crime. I don’t think he qualifies there.
Ten: He’s particularly likely to respond to — respond affirmatively to probationary treatment. I can’t say that he would. And,
Eleven: His imprisonment would entail excessive hardship to himself or his dependents. Well, - imprisonment always entails excessive hardship.
In summary, it’s time that society be protected from people like Leroy Berthe-lot. And for those reasons he — the attempt [sic] murder will be the maximum sentence and will be consecutive.
We commend the astute trial judge for his painstaking and articulate compliance with Article 894.1. The factual basis and his reasoning for imposing the sentence he did are clear and sound and we agree with his pronouncements. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.