461 So.2d 455 (1984)
STATE of Louisiana
v.
Douglas KENNEDY.
No. 84-KA-143.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
Rehearing Denied January 17, 1985.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
*456 John H. Craft, Indigent Defender Bd., Gretna, for defendant-appellant.
Before CHEHARDY, BOWES and CURRAULT, JJ.
CURRAULT, Judge.
On October 8, 1982, the defendant, Douglas Kennedy, and two accomplices accosted the victim, Jessie Ortega, while he was entertaining a "lady of the evening" in the rear of his van. The three perpetrators had intended to only rob Mr. Ortega; however, when he was apparently slow in responding to their demands, the victim was shot three times. He died on October 14, 1982.
Three money orders, which had been purchased by the victim shortly before the incident and taken in the robbery, were traced back to the defendant by Jefferson Parish authorities. Further investigation revealed the identity of the prostitute who was with Mr. Ortega at the time he was shot. She was located and, when questioned, related the details of the incident. She also identified Douglas Kennedy as one of the men who had committed the crime. Kennedy was arrested October 22, 1982 for the murder of Mr. Ortega.
On December 3, 1982, a Jefferson Parish grand jury indicted Douglas Kennedy and two co-defendants for the second degree murder of Jessie Ortega. Pursuant to a plea bargain, whereby the defendant agreed to testify against his co-defendants, the State accepted Kennedy's plea of guilty to a reduced charge or manslaughter (LSA-R.S. 14:31) on April 13, 1983. A pre-sentence investigation was ordered and, following its completion and review by the district court, the defendant was sentenced on September 6, 1983 to 21 years at hard labor, the maximum sentence permitted.
It is from that sentence the defendant appeals, specifying the following three assignments of error:
(1) The court erred in imposing an excessive sentence upon defendant;
(2) The court erred in failing to comply with the mandates of Article 894.1 of the Code of Criminal Procedure in sentencing the defendant;
(3) Also assigned as error are any and all errors patent on the face of the record.
The Louisiana Constitution of 1974 in Article I, Section 20, specifically protects the individual from the imposition of cruel, excessive or unusual punishment. This section has been interpreted in recent Supreme Court decisions allowing review of whether a sentence is excessive though within the statutory prescribed range. State v. Smith, 433 So.2d 688 (La.1983); State v. Guajardo, 428 So.2d 468 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). The court in Telsee, supra, articulated several factors useful in determining whether the sentence is excessive or greatly disproportioned to the underlying offense. Those factors are: (1) the nature of the offense and the offender; and (2) comparison of defendant's punishment with sentences imposed for similar crimes by the same court and other courts.
When determining whether the punishment is constitutionally disproportionate, considering the nature of the offense and the offender, the court in Telsee, supra, at 1253 stated, "the goal of the legislative scheme ... is to tailor the individual sentence imposed on the particular defendant to the particular circumstances of the case ... the maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class."
In reviewing Kennedy's sentence, considering the principles of appellate review of sentences and the objective factors, we conclude that the imposition of a 21 years at hard labor sentence in this particular case is not grossly disproportionate to the offense and does not constitute excessive punishment prohibited by Article 1 § 20 of the 1974 Louisiana Constitution. The defendant before us was originally charged with second degree murder (see LSA-R.S. 14:30.1). Had he been convicted of this crime he would have faced life imprisonment at hard labor without benefit of *457 parole, probation, or suspension of sentence. Through the plea bargain process and because of his willingness to testify against his co-defendants, Kennedy was allowed to plead guilty to the reduced charge of manslaughter, which, as a reading of the record shows, really does not accurately describe the defendant's actions. The life term would have been without benefits, whereas with the diminution of sentence allowed for good behavior on the manslaughter conviction, Kennedy could be out in ten and a half years. The appellant obviously benefitted considerably from the plea bargain which reduced his exposure to imprisonment from a life term without benefits to 21 years with benefits.
A review of recent cases upholding the maximum penalty for manslaughter further supports the sentence handed down in the instant case. See State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984); State v. Smith, 437 So.2d 252 (La.1983); State v. Germain, 433 So.2d 110 (La.1983); State v. Crawford, 410 So.2d 1076 (La.1982). The dominant theme in these cases is the death of a helpless victim at the hands of the defendants. In the instant case, a 56-year old man, cornered in the back of his van, pled for his life (before the victim died, he related to his wife that he told the robbers "take my money, but please don't shoot me.")but was gunned down. Analogy with the victims of the above cases comes easily.
We now consider whether the trial court adequately complied with LSA-C.Cr.P. art. 894.1. Rather than articulate reasons for sentencing, the trial court made defendant's pre-sentence investigation a part of the record.
If where the trial court has failed to comply with LSA-C.Cr.P. art. 894.1 by providing some reasons for its maximum sentence, and there are facts in the record which would allow us to make an independent determination of whether this sentence is excessive, we may do so. State v. Smith, 452 So.2d 251 (La.App. 5th Cir. 1984).
The defendant is a 26-year old man with an adult record of convictions for crimes against the persons. Defendant also has a lengthy arrest record and has been described as "an incorrigible criminal" who has been continually involved in either criminal violations of the law or on the fringes of criminal activity. In the past, defendant has shown a very poor attitude while dealing with authorities. He has an eighth grade education and has neither held steady employment nor ever established permanent residence. Considering the severity of defendant's offense and his past criminal record, we do not find the maximum sentence of 21 years for manslaughter excessive.
Finally, we have reviewed the record for error patent and do not find any error present on the face of the record.
Accordingly, for the reasons assigned, the conviction and sentence of Douglas Kennedy are affirmed.
AFFIRMED.
BOWES, J., concurs with written reasons.
BOWES, Judge, concurring.
I agree with the majority in regard to the following: (1) That the conviction should be affirmed and (2) that the sentence imposed was not excessive under the circumstances of the case.
As I stated previously in State v. Smith a/k/a William Hart, 452 So.2d 251, 254 (La.App. 5th Cir.1984), see Bowes, J. concurring, I am opposed to the practice of entering unsealed pre-sentence reports into the record and simply referring to the report, in lieu of articulating any reasons for the imposition of a sentence as required by La.C.Cr.P. art. 894.1and because I believe this is a violation of the confidentiality imposed by Art. 877, C.Cr.P., which will inhibit or destroy the flow of confidential information to the Probation Officer.
My disagreement with the majority in Smith, supra, stemmed from their apparent approval of this practice and from the fact that the trial judge gave no reasons *458 whatsoever for the sentence imposed and, in my opinion, the record did not contain enough information to clearly show the factual basis for the trial judge's sentence.
My disagreement with my learned brothers in the majority in the instant case is because of their apparent approval of the trial judge placing an unsealed, unfettered P.S.I. Report into the recordfor the same reasons regarding confidentiality mentioned above.
However, with regard to the articulation of reasons for sentence by the trial judge, I find this case distinguishable from Smith, supra, in that the trial judge, in sentencing Kennedy, stated:
Before me is the pre-sentence investigation relative to Douglas Kennedy. That is ordered to be part of this record. I consider Mr. Kennedy an encourageable [sic] criminal as stated in the pre-sentence investigation who, I believe, was the paramount mover in the series of events that brought him before this court to be sentenced as to the charge and crime of manslaughter.
In addition, there are abundant facts in the record here showing that the crime actually committed was a cold-blooded murder, but the defendant was allowed to plead guilty to the lesser offense of manslaughter. I agree that these facts "clearly illume the sentencing choice of the trial judge" (See State v. Martin, 400 So.2d 1063 (La.1981) and "allow us to make an independent determination of whether this sentence is excessive" (see State v. Smith, supra). These facts, along with the minimal, but cogent, reasons given by the trial judge make it obvious to me that the sentence imposed, although the maximum for manslaughter, was clearly not excessive.
Further, I recognize that full compliance by the trial judge, with art. 894.1, is not an end in itself. The articulation of the factual basis for a sentence is the goal of the article, not the rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed (as in this case), remand is unnecessary, even where there has not been full compliance with art. 894.1. See State v. Lanclos, 419 So.2d 475 (La.1982) and State v. Wimberly, 414 So.2d 666 (La.1982). However, it would surely be helpful to the appellate process, which must be undergone in nearly every serious criminal case, if the trial judge would give sufficient reasons for his sentence in compliance with the spirit of the law.