470 So.2d 319 (1985)
STATE of Louisiana
v.
Rafael TORRES.
No. 84-KA-685.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*320 Douglas A. Allen, Jr., Harahan, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before BOWES, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Rafael Torres, was charged by Bill of Information with simple burglary of a motor vehicle belonging to Pat Dennis, a violation of R.S. 14:62. He pled not guilty and was tried by a jury and was found guilty as charged. The district judge ordered a pre-sentence investigation and on October 24, 1984, sentenced the defendant to six (6) years at hard labor, with credit for time served. This appeal followed and the appellant alleges two assignments of error:
1. The trial court sentenced the appellant to six (6) years at hard labor which is excessive.
2. The State failed to offer any evidence that the defendant's entry into the vehicle in question was unauthorized and, therefore, it failed to meet its burden of proof under the rule laid down in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The State also failed to prove an essential element of the crime of burglary under the rule laid down in State v. Searle, 339 So.2d 1194 (La.1976), e.g., that the defendant's entry into the car was unauthorized.

FACTS
At 10:30 p.m. on June 19, 1983, Sherry Hudson and Shelly Wagner were standing on the second floor balcony of the Wagner *321 residence when they noticed someone entering a car belonging to Pat Dennis, who was a friend of theirs. Dennis' car was in the parking lot of an apartment complex which was behind the Wagner residence. Wagner ran into the residence and spoke to Dennis on the phone, telling him someone was in his car.
Dennis, his father Frank, and his brother Chris ran out into the parking lot and discovered a man later identified as the defendant in Pat's car. The defendant was ordered out of the car and, as he exited, was struck in the face with the stock of a shotgun by Frank Dennis. The defendant then attempted to flee, but was chased down by Chris and Pat and brought back to the parking lot. While these events were taking place, Frank Dennis' girlfriend called the police.
Deputy Craig Pond of the Jefferson Parish Sheriff's Office arrived at the scene and was advised of the situation. After noting that the knobs on the radio in Pat Dennis' car had been removed, apparently by the defendant, Deputy Pond placed the defendant under arrest and brought him to First District lock-up.

ASSIGNMENT OF ERROR NO. 2

SUFFICIENCY OF EVIDENCE
In State v. Wright, 445 So.2d 1198 (La. 1984), the court adopted the following standard for use by appellate courts when addressing sufficiency questions:
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Where circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that: "Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
This court has recognized that R.S. 15:438 is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Austin, 399 So.2d 158 (La. 1981). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. R.S. 15:438 provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. Wright, supra at 1201.
The defendant was convicted of simple burglary of a motor vehicle, a violation of R.S. 14:62, which provides in pertinent part that "[s]imple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60."
Thus, in order to convict the defendant of simple burglary, the State must have proven beyond a reasonable doubt that the defendant, without authorization, entered the victim's car, with the specific intent to commit a felony or any theft therein. State v. Lockhart, 438 So.2d 1089 (La. 1983); State v. Jacobs, 435 So.2d 1014 (La. App. 1st Cir.1983); State v. Gaudin, 430 So.2d 768 (La.App. 5th Cir.1983). At the moment of the unauthorized entry, the actor must intend to commit a felony or theft therein. State v. Lockhart, supra; State v. Pike, 426 So.2d 1329 (La.1983); State v. Jones, 426 So.2d 1323 (La.1983).
*322 That the defendant entered the victim's vehicle was established by the testimony of the State's witnesses. Hudson and Wagner stated that they saw the defendant enter the vehicle and called Pat Dennis. Chris Fernandez and Frank Dennis testified that they ran outside with Pat and found the defendant "sitting" in Pat's car. The defendant attempted to flee but was apprehended. Both men identified the defendant in court as the man they apprehended that night.
There was also substantial circumstantial evidence that the defendant was attempting to steal the radio from Pat Dennis' car. Frank Dennis testified that when he approached the car, the defendant was "bent over in the front seat fooling with the radio." Fernandez testified that they found "some kind of tool ... I don't remember what kind of tool it was ..." that the defendant was using to remove the radio. Deputy Pond testified that upon arriving at the scene he checked Pat Dennis' car to see if anything was wrong and discovered that "[t]he radio inside the vehiclethe fine tuning and the on and off knobs all had been taken off, but the radio had not been removed from the car. I asked the victim if it was normally like that and he said `No', it hadn't been like that...." Frank Dennis and Chris Fernandez also testified that the knobs had been removed from Pat Dennis' radio; Frank Dennis went on to state "he (the defendant) had told me the reason he broke in and stole mineor my son'strying to steal it, was that somebody had stolen his."
The facts set forth in the preceding paragraph show that the defendant entered Pat Dennis' vehicle with the intent to steal the radio.
Defense counsel has further urged in this assignment as to whether the State proved beyond a reasonable doubt that the entry into Pat Dennis' vehicle was unauthorized.
Pat Dennis did not testify at trial even though he was the owner of the burglarized vehicle. However, Frank Dennis testified that he had bought the car for Pat and that the car was registered in Pat's name.
It is the generally accepted practice to elicit testimony from the victim to establish that the accused had no permission to enter. See State v. Pierce, 450 So.2d 730 (La.App. 5th Cir.1984). However, circumstantial evidence can be used to show that an unauthorized entry occurred. LSA R.S. 15:438, State v. Credit, 455 So.2d 1238 (La.App. 4th Cir.1984). It appears that for some unknown reason the State did not compel Pat Dennis' attendance and instead wished to establish that the entry was unauthorized by circumstantial evidence.
In the instant case, Shelly Wagner and Sherry Hudson testified that they saw the defendant enter Pat Dennis' car around 10:30 p.m. Wagner called Dennis, who informed her no one was supposed to be in the car. Dennis quickly summoned his father and brother and they ran out to the parking lot. The trio confronted the defendant while he was still in Pat's car. The defendant attempted to flee but was apprehended until the police arrived.
Chris Fernandez took the stand and corroborated Wagner's and Hudson's testimony, going on to state that Pat did not know the defendant and did not authorize the defendant to enter his car. Fernandez further elaborated on the capture of the defendant, stating that Pat helped chase him down and hold him until the police arrived. Frank Dennis testified that to his knowledge, Pat had never authorized the defendant to enter his car.
The above testimony sufficiently dispells every reasonable hypothesis of innocence, such that any rational trier of fact could have determined beyond a reasonable doubt that the defendant was not authorized to enter Pat Dennis' car. Why would Pat Dennis chase down and hold the defendant for the police if he knew who the defendant was and gave him permission to enter the car? If Pat Dennis gave the defendant permission to enter the car, would the defendant have stolen the radio, knowing that Dennis would immediately *323 suspect him? The only apparent reasonable hypothesis is that the defendant entered Pat Dennis' car, without his consent and attempted to steal the radio.
The record supports the fact that the defendant entered Pat Dennis' car and attempted to steal the radio was proven beyond a reasonable doubt. The uncontroverted testimony of five (5) witnesses established this fact. That the defendant was not authorized to enter the vehicle is circumstantially shown from the testimony of these witnesses. Their uncontroverted testimony was that Pat Dennis helped chase down and hold the defendant until the police arrived; coupled with the fact that the defendant was trying to steal the radio from the car, any rational trier of fact could have determined beyond a reasonable doubt that every reasonable hypothesis of innocence was excluded and therefore the defendant's entry into the vehicle was unauthorized. Thus, all the elements of simple burglary would have been proven by the State.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 1

EXCESSIVENESS OF SENTENCE
The defendant contends that the sentence imposed upon him is excessive. The Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974, prohibits the imposition by law of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979).
The Supreme Court discussed the function of LSA C.Cr.P. Article 894.1 with respect to a trial judge's sentencing discretion in State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982) as follows:
Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. Art. 894.1(A)(B). State v. Jones, supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La.1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980).
See also State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1983), State v. Johnson, 444 So.2d 716 (La.App. 5th Cir.1984).
Failure to comply with the dictates of Article 894.1, however, does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982); State v. Smith, 452 So.2d 251 (La.App. 5th Cir. 1984); State v. Kennedy, 461 So.2d 455 (La.App. 5th Cir.1985).
The defendant here was convicted under R.S. 14:62 of simple burglary of a motor vehicle. The maximum penalty for a violation of R.S. 14:62 is a $2,000.00 fine, imprisonment with or without hard labor for not more than twelve (12) years, or both. The defendant was sentenced to six (6) years at hard labor. Other than to note that the defendant had a prior conviction for attempted theft and several charges pending before the court, the trial judge did not state reasons for the sentence for the record; he instead made the P.S.I. part of the record and stated "whatever is in here causes me to sentence him the way I am."
Under similar circumstances in State v. Kennedy, supra, a panel of this court considered a P.S.I. when addressing an excessiveness claim, stating:
If where the trial court has failed to comply with LSA-C.Cr.P. art. 894.1 by providing some reasons for its maximum sentence, and there are facts in the record which would allow us to make an *324 independent determination of whether this sentence is excessive, we may do so. State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984).
The P.S.I. report reveals that the twenty (20) year old defendant came to the United States from Cuba in 1980. The defendant has a 10th grade education, is unemployed, admits to having a drug problem, but expresses a willingness to attend a substance abuse program. The defendant admits to entering the victim's car for the purpose of stealing a radio, but claims he had changed his mind prior to being accosted by the victim and his relatives.
The defendant has been arrested nine (9) times since July of 1982 on various charges, including attempted auto burglary. On May 3, 1983, the defendant pled guilty to attempted theft and was placed on six (6) months inactive probation. The defendant was still on probation at the time of the present offense. Furthermore, the defendant was arrested five (5) times on various charges during the time the instant case was pending before the district court. The arrests reveal a steady progression from relatively minor offenses (theft of $8.05 worth of gas, shoplifting) to offenses which indicate that the defendant is developing into a serious offender (simple robbery, aggravated battery, distribution of cocaine, unauthorized use of movables). A charge of possession of stolen property valued at $7,000.00 was pending before the court at the time this P.S.I. was prepared. While the defendant is technically a first felony offender, his arrest record indicates he should not be treated as such.
The defendant's attitude toward court proceedings is shown in his failure to appear for arraignment as scheduled on August 31, 1983, and again for trial on June 25, 1984. On both occasions, attachments were issued and the defendant's bond subsequently increased by the trial judge.
The defendant's sentence of six (6) years at hard labor is half of the possible statutory maximum. This court and other courts have consistently upheld similar sentences imposed on repeat offenders convicted of simple burglary, rejecting excessiveness claims. See State v. Guajardo, 428 So.2d 468 (La.1983), six (6) years where defendant had two (2) prior convictions; State v. Sharpley, 414 So.2d 329 (La. 1982), ten (10) years where first felony offender had long history of criminal involvement; State v. Smith, 430 So.2d 801 (La.App. 5th Cir.1983), five (5) years where defendant had a prior criminal record; State v. Bryant, 428 So.2d 1167, (La.App. 5th Cir. 1983), five (5) years where defendant had prior convictions and was on probation at the time he committed the offense.
In its evaluation of an excessiveness claim, an appellate court will examine the reasons set forth by the sentencing court to determine whether there has been a manifest abuse of discretion which would warrant a setting aside of the sentence. State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983); State v. Willis, 420 So.2d 962 (La.1982).
It is not the function of a reviewing court to substitute its judgment for that of the trial court, but rather to determine if the lower court abused its broad sentencing discretion. State v. Murdock, 416 So.2d 103 (La.1982); State v. Honore, 451 So.2d 77 (La.App. 5th Cir.1984); State v. Berthelot, 449 So.2d 692 (La.App. 5th Cir.1984).
The six (6) year sentence here is not excessive. The defendant has established a pattern of criminal activity which was not curbed by his previous probationary period nor by his arrest for the instant offense. Incarceration seems to be the only effective course of action. While the trial judge did not comply with 894.1 when sentencing the defendant, the record, in particular the P.S.I., supports the sentence imposed.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the conviction and the sentence are affirmed.
AFFIRMED.