572 So.2d 1140 (1990)
STATE of Louisiana
v.
Derrick Wayne JACOBS.
No. KA 89 2142.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
*1141 Donald Carmouche, Dist. Atty., Donaldsonville, for State of La.
Charles S. Long, Donaldsonville, for Derrick Jacobs.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
The defendant, Derrick Wayne Jacobs, was charged by bill of information with four counts of simple burglary, in violation of LSA-R.S. 14:62. He pled not guilty and elected trial by jury. At some point in the proceedings, Count 2 apparently was severed from the remaining three counts of simple burglary. After a jury trial on Count 2 only, the defendant was found guilty as charged. He received a sentence of seven years at hard labor.[1] The defendant has appealed, alleging five assignments of error, as follows:
1. The trial court erred in permitting hearsay testimony to be admitted into evidence.
2. The trial court erred in denying the defendant's motion for a mistrial.
3. The trial court erred in permitting hearsay testimony to be admitted into evidence.
4. The trial court erred in permitting hearsay testimony to be admitted into evidence.
5. The evidence was insufficient to support the instant conviction.
During the early morning hours of June 13, 1988, Gonzales City Police Officer Leo Graves, Jr., was conducting a surveillance of Tower Plaza Shopping Center in Gonzales. At approximately 4:15 a.m., Officer Graves heard glass breaking and observed two suspects enter Suzanne's Clothing Store. As he called in on the radio to report a burglary in progress, the two suspects exited the store, entered their vehicle, and fled at a high rate of speed. Because he was approximately two hundred yards away from the store, Officer Graves could not identify the suspects and could only describe their car as a light-colored, two-door sedan. Officer Graves gave chase but lost sight of the suspect vehicle on Louisiana *1142 Highway 429, approximately three-quarters of a mile east of Airline Highway.
Gonzales City Police Sergeant Sam Pasqua was informed by radio that Officer Graves had lost the suspect vehicle. Sgt. Pasqua pulled into a driveway off of Louisiana Highway 429 and waited, in case the suspects might decide to double back. Shortly thereafter, Sgt. Pasqua observed a light metallic brown, 1982 Oldsmobile Cutlass turn onto La. Hwy. 429 from Martin Road. This vehicle passed in front of him and was "accelerating rapidly." Sgt. Pasqua pulled out behind the suspect vehicle and chased it into Gonzales. After running several red lights and stop signs, the suspect vehicle struck a fence near a warehouse behind Koroy's Furniture Store. During the chase, Sgt. Pasqua had observed only one person inside the suspect vehicle, the driver. Yet, after the suspect vehicle came to rest behind Koroy's, he was surprised to see movement and legs around the vehicle, apparently indicating that more than one person fled from the vehicle. Other officers soon arrived at the scene. As Sgt. Pasqua approached the suspect vehicle, its engine was still running and its headlights were on. He looked inside and observed that the back seat was full of new clothes on hangers. Suzanne's Clothing Store price tags were still attached to these clothes.
A few minutes later, Ascension Parish Sheriff's Deputy Jeff Beech discovered the defendant lying on a bench in the back yard of a residence adjacent to Koroy's. He immediately placed the defendant under arrest. Ascension Parish Deputy Sheriff Leland Anderson found another suspect, Michael Jacobs, hiding in a nearby canal underneath a willow tree. He was also arrested and taken into custody. When Officer Graves arrived at the scene, he identified the suspect vehicle as the same one which he had pursued, but lost, earlier that morning.
According to Gonzales City Police Detective Jim Groody, the clothes from the back seat of the suspect vehicle were subsequently identified by the owner of the store, Suzanne Patterson. A subsequent examination of the suspect vehicle revealed the defendant's fingerprints on the outside of the front passenger's window and the inside of the driver's window.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, the defendant contends that the evidence was insufficient to support the instant conviction. Initially, we note that, in order to challenge this conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See La.C. Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), cert. denied, 511 So.2d 1152 (La.1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La. C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), cert. denied, 532 So.2d 130 (La.1988).
LSA-R.S. 14:62 provides, in pertinent part:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein,....
In his brief to this Court, the defendant contends that there was no direct evidence linking him with the unauthorized entry of Suzanne's Clothing Store. He also contends *1143 that he was convicted on the basis of circumstantial evidence, even though such evidence was legally insufficient to support his conviction. Because we find the overall evidence in this case, both direct and circumstantial, legally insufficient to support the defendant's conviction, we reverse this conviction and sentence.
Officer Graves was too far from the store to identify the suspects. There were no fingerprints, or other such evidence, found at the store. During the chase, although Sgt. Pasqua was close enough to the suspect vehicle to record the license plate number, he could not identify the driver. The stolen clothes on the back seat and the testimony of Gonzales Police Officers Graves and Pasqua linked this vehicle to the store and the State established, at trial, that the defendant's fingerprints were found on the suspect vehicle. However, the mere fact that the defendant's fingerprints were found on the suspect vehicle does not sufficiently connect him with the burglary.
It is the generally accepted practice to elicit testimony from the victim to establish that the accused had no permission to enter. See State v. Torres, 470 So.2d 319, 322 (La.App. 5th Cir.1985). However, circumstantial evidence can be used to show that an unauthorized entry occurred. See State v. Harper, 480 So.2d 483, 486 (La.App. 5th Cir.1985); State v. Torres, 470 So.2d at 322. It is indeed questionable whether the State proved unauthorized entry, since the owner of the store, Suzanne Patterson, did not testify. However, the fact that two persons broke the glass in the front door, entered the store, removed clothing therefrom, and fled the scene, all of which occurred at approximately 4:15 a.m., could be sufficient circumstantial evidence of unauthorized entry.
Nevertheless, other serious links in the chain of proof are missing. The State did not introduce evidence as to the ownership of the suspect vehicle. Although the State's brief to this Court indicates that the suspect vehicle had been stolen, no admissible evidence appears in the record.[2] Furthermore, although the defendant was arrested after he was found lying on a bench in the back yard of a residence adjoining Koroy's, the State did not introduce evidence as to who owned this house or as to whether defendant had permission to be there.
Another suspect, Michael Jacobs, was found hiding in a nearby canal. Yet, there was no admissible evidence as to his relationship, if any, with the defendant. Sgt. Pasqua testified that Michael Jacobs stated that he was with the defendant that night. The defendant's objection to this testimony formed the basis of assignment of error number two. Even assuming, arguendo, that this testimony was properly admissible, it does not explain when, where, or for how long the defendant and Michael Jacobs were together that night. There was no evidence linking Michael Jacobs with the suspect vehicle. The fact that he was found hiding in a nearby canal does not link him with the suspect vehicle, the store, or the defendant.
The suspect vehicle was clearly linked to the store burglary through the clothing found on the back seat and through the testimony of Gonzales Police Officers Graves and Pasqua. Nevertheless, without proof of who owned this vehicle, or proof of when the defendant's fingerprints were placed on it, there can be no legally sufficient link between the defendant and the burglary of Suzanne's Clothing Store. When arrested, the defendant was not in possession of stolen merchandise. There was no evidence of fingerprints on the stolen clothes in the back seat of the suspect vehicle or of any fingerprints found in the store.
The circumstantial evidence in this case fails to exclude several hypotheses of innocence, the most reasonable being that the *1144 defendant placed his fingerprints on the suspect vehicle at an earlier time, he did not participate in the instant burglary, and he was merely sleeping in the back yard of a residence (with or without permission of the owner) adjacent to the location where the chase of the suspect vehicle ended. The facts established by the direct evidence and those reasonably inferred from the circumstantial evidence, even when viewed in the light most favorable to the prosecution, could not persuade a rational factfinder that the State proved all of the elements of the offense of simple burglary beyond a reasonable doubt. Accordingly, the instant conviction and sentence are reversed, and the defendant is ordered discharged.[3]
REVERSED.
NOTES
[1] The record does not indicate the status of the remaining three counts of simple burglary.
[2] Although Sgt. Groody testified that the suspect vehicle's steering column had been broken and he began to explain that a broken steering column might indicate that the vehicle had been "hot wired," defense counsel's objection to this testimony was sustained by the trial court. There was no further testimony indicating that the vehicle might have been stolen.
[3] Because we find merit to this assignment of error, we need not and do not address assignments of error numbers 1-4.