425 So.2d 764 (1983)
STATE of Louisiana
v.
Dennis Jeffery MOSLEY.
No. 82-KA-0088.
Supreme Court of Louisiana.
January 10, 1983.
*765 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jerry G. Jones, Dist. Atty., Jennifer Jones Hebert, Asst. Dist. Atty., for plaintiff-appellee.
C. Thomas Tolbert, Sulphur, for defendant-appellant.
LEMMON, Justice.
This is an appeal from a conviction of simple burglary and a sentence of four years imprisonment. The principal issue is whether defendant's motion for mistrial was properly denied when the trial, which began before a jury of 12 persons, was allowed to be concluded before the jury composed of the first six jurors chosen and the verdict was deliberated and rendered by those six jurors.[1]
When the victim returned home on the evening of February 21, 1981, he discovered that someone had broken into his home and stolen his collection of 16 handguns, valued at approximately $1,700. The only other missing item was a pillowcase. The following morning, defendant and his brother attempted to sell 16 handguns (contained in a pillowcase) to an undercover agent for $600. After the sale was completed, defendant was arrested and confessed to the burglary.
At trial, defendant recanted his confession, explaining that he had obtained the guns from his brother and had confessed to the burglary for the purpose of protecting his brother. However, defendant did admit that he had negotiated and completed the sale of the handguns to the undercover agent.
The jury returned a verdict of guilty of burglary as charged.

Denial of Motion for Mistrial
Defendant contends that the trial court erred in denying his motion for mistrial when it was discovered that a jury of the wrong size had been impaneled.
After the jury selection process on the first day of trial, a jury of 12 members was impaneled, and one alternate juror was sworn in that capacity. The parties then began the presentation of evidence to the jury.
On the morning of the second day of trial, the trial court recognized that too many jurors had been impaneled, noting that La.R.S. 14:62 (defining the crime of burglary) now provides that imprisonment may be imposed with or without hard labor.[2] Under the amendment which became effective prior to this burglary, the proper number of jurors was six. See La. Const. Art. I, § 17 (1974); La.C.Cr.P. Art. 782. Realizing that he and counsel had been *766 mistaken in selecting and impaneling a jury of 12 persons, the trial judge, over the objection of defense counsel, dismissed the last six jurors who had been selected, retaining the same alternate juror. The trial then proceeded before a six-person jury. When presentation of the evidence was completed, the trial judge dismissed the alternate juror, and the six jurors proceeded to deliberate, eventually returning the unanimous guilty verdict.
Although the verdict was rendered by the proper number of jurors, defendant contends that (1) the commencement of trial before a 12-person jury violated La.C.Cr.P. Art. 782 and (2) the initial selection of a 12-person jury violated his constitutional right to a full and complete voir dire. As to the last contention, he argues that if he had known he was only going to select six jurors (and would have been entitled to only six peremptory challenges instead of 12), he would have exercised his peremptory challenges in a different manner. He points out that he had only used four peremptory challenges when the sixth juror was seated.[3]
In State v. Nedds, 364 So.2d 588 (La. 1978), the defendant, charged with a relative felony, was tried before a 12-person jury, which deliberated and rendered the verdict. This court held that there is "fatal error" when the case is tried before a jury composed of either more or less than the correct number of jurors.[4] In the present case, the otherwise fatal error was rectified before deliberation and verdict.
We conclude that defendant's constitutional and statutory rights were not violated in the present case. The case was tried before a jury of six persons. While there were 12 jurors when the first witness testified, only the first six jurors took part in the deliberations before rendering a unanimous verdict.[5] Moreover, defense counsel conducted a full, complete and unrestricted voir dire examination of each juror during the selection process and then agreed to accept each juror individually. While perhaps there is some theoretical substance to defense counsel's argument that he may have conducted his voir dire differently if the judge and counsel had realized initially that the case was to be tried before a six-person jury, the fact that counsel had not exhausted all of his peremptory challenges at the time of impaneling of the 12-person jury is a strong indication that he was satisfied with all of the jurors who were chosen. Moreover, no party is entitled to any particular juror, and complaints about voir dire selection or restriction should be examined in the light of the entire process.
After considering defendant's arguments and examining the entire jury selection proceedings, we simply cannot say that defendant was so substantially prejudiced in the exercise of his peremptory challenges as to warrant the drastic relief of mistrial.
The conviction and sentence are affirmed.
CALOGERO, J., dissents.
NOTES
[1] Defendant's other contentions lack any arguable merit and are treated in an unpublished appendix which is part of the official record in this case.
[2] Prior to Act 133 of 1977, La.R.S. 14:62 required that any sentence of imprisonment be imposed at hard labor. The 1977 act amended the statute to make the crime of burglary a relative felony.
[3] When the twelfth juror was seated, defense counsel had only used 11 of his 12 allotted peremptory challenges.
[4] The author agrees with the dissent in the Nedds case.
[5] As argued by the district attorney, although the evidence was presented to more than six jurors, the dismissal of the additional jurors before deliberation and verdict was no more prejudicial to defendant than the use of one or two alternate jurors who are dismissed prior to deliberation and verdict. See also State v. Tauzier, 397 So.2d 494 (La.1981).