BOWES, Judge.
Defendant appeals the July 7, 1982 sentence of the district court imposed as a result of defendant’s plea of guilty to the reduced charge of aggravated battery. We affirm the sentence of the district court.
On January 13,1982, the defendant, Wel-ton Williams, was arrested for the attempted armed robbery and attempted second degree murder of Theodore D. Locklar at the Tenneco station located at 8701 Airline Highway, Metairie, Louisiana. A bill of information was filed by the Office of the District Attorney on February 11, 1982, and, on May 5, 1982, the defendant pled guilty to the amended charge of aggravated battery, in Section “J” of the Twenty-Fourth Judicial District Court. On July 7, 1982, the trial judge sentenced the defendant to ten years hard labor with credit for time served. The defendant moved for and was granted an appeal the same day. By brief filed Friday, March 4,1983, he asserts as error the sentence imposed by the trial court, challenging it as excessive.
In sentencing Welton Williams to the maximum term of imprisonment for the offense of aggravated battery, the trial judge said in conclusion:
The Court considers that there is an undue risk that during the period of suspended sentence or probation the defendant will commit another crime. The defendant is 24 years old who was on probation for Simple Battery. And defendant has a long history of arrests. And it shows an increasement involving [sic] in crime.
The Court further considers that the defendant is in need of correctional environment that can be provided most effectively by his commitment to an institution. And that any lesser sentence would *783 only deprecate the seriousness of this crime. The defendant shot the victim in the abdomen during his attempt to rob the victim at a Tenneco station. Fortunately, the victim lived. This is a crime of violence, and because of the defendant’s lenghty [sic] criminal involvement, this Court cannot consider a lesser amount than ten (10) years. If this Court had the opportunity, the defendant would be given more than ten (10) years. Transcript page 78.
The defense asserts in brief that:
The Court has not stated for the record any factors which it considered in determining that the defendant has to be incarcerated for 10 years. The Court does not state particular facts upon which it drew the conclusion that there was an undue risk of harm that the defendant would commit another crime during the period of probation or upon which it concluded that the defendant was in need of correctional treatment. Also, the Court did not state whether or not it considered the defendant’s age, marital status, personal history, or any other factor which may have weighed in favor of a lesser sentence.
Defense’s brief, pages 2-3.
The record establishes that the trial judge placed great emphasis on the defendant’s extensive criminal history without apparently considering his personal background which may have provided mitigating circumstances.
However, even where there has not been full compliance with Article 894.1, a remand is not mandated where the record clearly shows an adequate factual basis for the sentence imposed. See State v. Lanclos, 419 So.2d 475 (La.1982) and State v. Martin, 400 So.2d 1063.
In Lanclos, supra, the defendant was a youthful first offender charged with aggravated rape. As a result of an agreement with the State, he was permitted to enter a plea to a reduced charge of sexual battery. In affirming the maximum sentence of ten years imposed by the trial court, the Louisiana Supreme Court noted, at 478:
His failure to articulate consideration of mitigating factors does not change these facts. The trial judge is given wide discretion in the imposition of sentences within statutory limits. Absent a manifest abuse of that discretion the sentence imposed by a trial judge should not be set aside as excessive, [citations omitted]
This court has held that maximum sentences are appropriate only in cases involving the most serious violation of the relevant statute and the worst type of offender, [citations omitted] In a case such as this, where the offense to which the defendant has pled guilty inadequately describes his conduct, we find no abuse of the trial court’s great discretion in imposing the maximum sentence possible for the crime to which the guilty plea is entered. This is particularly true where a significant reduction in potential exposure to imprisonment has been obtained through plea bargaining, and the offense involves violence to the victim.

This court has upheld sentences which were based in part on the effects of a plea bargain, [citations omitted] We find no error in the trial judge’s use of the plea bargain as a factor in determining the sentence to be imposed on this defendant.
The case presented by this appeal is comparable. The defendant’s negotiated plea reduced substantially his exposure to imprisonment, especially considering the circumstances of the offense forming the basis for the charge and his lengthy arrest and conviction record.
We are of the opinion that more than sufficient facts are presented by the record to completely substantiate the imposition of the maximum sentence.
Therefore, we conclude that the sentence imposed is not excessive and we affirm that sentence.
AFFIRMED.