451 So.2d 77 (1984)
STATE of Louisiana
v.
Shiron H. HONORE.
No. 83-KA-745.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
*78 Philip E. O'Neill, Gretna, for defendant/appellant.
Gerald Alonzo, William C. Credo, III, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Shiron H. Honore was charged by a Bill of Information with violation of La.R.S. 14:27 and 14:65, attempted simple robbery. She waived a trial by jury. Following a trial before Judge Alvin Rudy Eason on January 13, 1983, the defendant was found guilty as charged. Ms. Honore was sentenced to serve one year imprisonment in the custody of the Department of Corrections on February 23, 1983.
From that conviction and sentence, the defendant now appeals, designating two assignments of error.
FACTS
Between nine and ten o'clock on the evening of August 25, 1982, the defendant entered the Omelette Shop located on the Westbank Expressay in Marrero, Louisiana, and sat down in one of the back booths. The waitress, Laura Bergens, took Ms. Honore a menu and told her that she would return shortly to take an order. When she went back, Ms. Honore gave the waitress her order and, at that point, indicated that she was a part-owner of the business and also knew the owner. Ms. Bergens took her order, but, uncertain of Ms. Honore's intentions regarding payment, conferred with the cook, Diane Garnier. Together they decided that Ms. Honore had to pay for the food unless she gave them her name and they received telephone confirmation from the owner for her to merely sign the check. Ms. Bergens relayed this decision on to the defendant who stated that she would pay for her food. Following her meal, the defendant indicated that she wanted to talk to Ms. Bergens. As the waitress sat down to engage in conversation, Ms. Honore grabbed her by the wrist. Ms. Bergens narrated the subsequent events as follows:
... [S]he told me that Big Daddy was outside with a gun pointed at my head and if I didn't give her the money that he was going to blow my head off. So she told me to get all of the twenties, all of the tens, and all of the fives out of the register and bring them to her and she gave me a penney [sic] and put it in my *79 hand, and told me to ring that penney [sic] up on the register and bring her back all the money.
In an attempt to verify what she had been told and upon the instruction of the defendant, Ms. Bergens looked over her shoulder and saw the taillights of a yellow Cadillac in the gas station, adjacent to the restaurant. When she again faced Ms. Honore, Ms. Bergens was told by the defendant that there was a gun in the small purse she was carrying. The defendant then directed the frightened waitress to get up and walk slowly to the cash register.
As she walked towards the office, the waitress whispered to the cook, Diane Garnier, "to call the police, that she was trying to rob me." After speaking with the cook, the waitress apparently became hysterical and attempted to run through the office to the kitchen area. Finding the door locked, she returned to the register area where the cook was on the phone and told her to open the office door. Ms. Bergens stated that Ms. Honore followed her into the office after the cook opened the door and began explaining that "it wasn't her trying to rob me ... it was Big Daddy." Ms. Garnier, the cook, began comforting the waitress to calm her down and, at this point, the defendant went through the kitchen into the area behind the service counter where the register was located. Although the defendant was not seen opening the register, the cook testified that when she came out of the kitchen and crouched under the service counter to complete her call to the police "someone [was] banging on the register and I heard change rattling and I seen dollars moving and everything." Shortly thereafter, the police arrived. The defendant then came from behind the counter through the office and surrendered herself to the officers. She was subsequently searched but neither money nor a weapon was found on her person. Additionally, the purse she was carrying was not recovered. One hundred dollars was ascertained to be missing from the cash register.
At trial, Ms. Honore denied any participation in the theft.

ASSIGNMENT OF ERROR NUMBER 1
It is error for the trial court to find the defendant guilty of attempted simple robbery when no rational trier of fact could have found the defendant guilty beyond a reasonable doubt, having given the state the benefit of every favorable inference of all admissible evidence.
ARGUMENT
The defense submits that the state failed to introduce evidence of two essential elements requisite to prove that the defendant actually attempted to commit a simple robbery. First, no evidence of specific criminal intent was presented and, second, there was no evidence of some direct action on the part of the defendant to take or tending to take money from the register. Consequently, it is maintained by the defense that a review of the evidence for sufficiency would not satisfy the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Rather, it is submitted by the defense that the state proved only extortion.[1]
La.R.S. 14:4 provides that conduct made criminal under several articles may be prosecuted under either provision. The discretion rests with the district attorney. It was conceded by the defense in brief that the state proved the elements of extortion, particularly the requisite specific intent. We find that the elements of attempted simple robbery were also proven.
The Jackson standard of review for sufficiency of the evidence, adopted by our courts in State v. Byrd, 385 So.2d 248 (La.1980), is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Sutton, 436 So.2d 471 (La. *80 1983) and State v. Boelyn, 432 So.2d 260 (La.1983).
At the time of the commission of the crime, La.R.S. 14:65 defined simple robbery as "the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation but not armed with a dangerous weapon." [emphasis ours].
La.R.S. 14:27 states in pertinent part that "[a]ny person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended...."
Specific criminal intent is described in La.R.S. 14:10 as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 15:445 states that "[i]n order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
State v. Williams, 383 So.2d 369 (La.1980) expanded this somewhat to note that because specific intent is a state of mind, in the absence of direct evidence, it must also be inferred from the circumstances. The mandate of La.R.S. 15:438 relative to circumstantial evidence must therefore be considered: "Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
As noted in State v. Wright, 445 So.2d 1198 (La.1984) La.R.S. 15:438 is not a separate test to be applied in lieu of the Jackson standard whenever an element of the crime charged is to be proven by circumstantial evidence. Rather,
[A]ll evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. R.S. 15:438 provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. (Supra, at p. 1201)
Finally, we note that in State v. Graham, 420 So.2d 1126 (La.1982), the court stated: "... specific intent is a state of mind, and need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of defendant [citation omitted]."
The threat associated with extortion is usually in regard to some future action with which the offender can exploit the victim, while the threat in simple robbery requires the victim's immediate intimidation or the fear of the instant use of force. In this case, Ms. Bergens was threatened with having her head blown off if she did not get the money out of the register.
We find both the direct and circumstantial evidence presented by the state in this matter is such that when reviewed in a light most favorable to the prosecution, a rational trier of fact could, indeed, find the essential elements of the crime of attempted simple robbery were proven beyond a reasonable doubt. In fact, it would be difficult, if not logically impossible to find otherwise. Appellant's first assignment of error is obviously without merit.

ASSIGNMENT OF ERROR NUMBER 2
It is error for the trial court to impose a sentence of one year imprisonment on defendant which sentence is excessive and in violation of L.S.A.-Const. Article 1, Section 20.
ARGUMENT
The defense submits that because Ms. Honore is a first offender with a history of *81 mental illness, the sentence of one year is excessive and should be vacated and remanded with instructions. It was also alleged that the trial court failed to follow the guidelines set forth in La.C.Cr.P. art. 894.1 and therefore did not take into consideration various factors which would have militated for probation.
The sentence here falls clearly within the lower range of the statutory limits since the maximum sentence which could have been imposed was three and one-half years and a fifteen hundred dollar fine. Additionally, we note that the facts of this case come very close to being those of attempted armed robbery, a much more serious crime.
In his sentencing colloquy, the trial judge made a special reference to Ms. Honore's proclivity towards violence. Referring to the pre-sentence investigation (not made a part of the record), the court noted, "[t]his person is dangerous to the community." (R. p. 111).
We have ascertained that there was minimal compliance with the dictates of Article 894.1. Even the failure to comply with the article, however, does not automatically result in the finding of an excessive sentence, nor automatically require vacation and remand. See State v. Smith, 430 So.2d 31 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982); State v. McElveen, 439 So.2d 601 (La.App. 1st Cir.1983); and State v. Vallare, 430 So.2d 1336 (La. App. 3rd Cir.1983).
In State v. Wimberly, 414 So.2d 666, 672 (La.1982), the Supreme Court noted:
We have not as of yet acted under our supervisory, administrative or rule making powers to require that sentencing judges state basic facts and reasons in every case. In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.
Our decision in such a case represents a finding of a substantial possibility that the sentence is excessive and not a final judgment that it is invalid.
This court previously held in State v. Williams, 430 So.2d 782 (La.App. 5th Cir. 1983) that, even where there has not been full compliance with La.C.Cr.P. art. 894.1, a remand is not necessary if the record reflects an adequate factual basis for the sentence imposed.
In the instant case, the testimony revealed the defendant exhibited a very violent demeanor in that she threatened to blow off Ms. Bergens' head if she did not get the money from the register and that the two employees of the restaurant were in fear for their lives. Ms. Bergens fled for the safety of the back of the shop, while Ms. Garnier hid under the counter. It would appear that the docile appearance exhibited by the defendant on the witness stand was not a true picture of her behavior in the restaurant.
We believe the trial court's sentencing choice is fully supported by the record.
State v. Murdock, 416 So.2d 103 (La.1982) noted that the function of the reviewing court is not merely to substitute its judgment for that of the trial court, but, rather, to determine if the lower court abused its broad sentencing discretion. We hold it did not and that the sentence chosen by the trial judge is fully supported by the record. Therefore, we affirm both the conviction and the sentence imposed on the defendant.
AFFIRMED.
NOTES
[1] La.R.S. 14:66 defines extortion as the "communication of threats to another with the intention thereby to obtain anything of value or any acquittance, advantage, or immunity of any description."