470 So.2d 342 (1985)
STATE of Louisiana
v.
Sally May BAILEY.
No. 84-KA-624.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*344 Victor E. Bradley, Jr., Norco, for Sally May Bailey, defendant-appellant.
Harry J. Morel, Jr., Dist. Atty., 29th Judicial Dist., Hahnville, Barbara Rutledge, Asst. Atty. Gen., Louisiana Dept. of Justice, Crim. Div., New Orleans, for State of La., plaintiff-appellee.
Before BOUTALL, BOWES and DUFRESNE, JJ.
BOUTALL, Judge.
Sally May Bailey was indicted for perjury, LSA-R.S. 14:123. Following trial, the jury returned a verdict of guilty as charged, and defendant was sentenced to five years in prison. This appeal followed.
Bailey assigns these errors for our review:
1. The trial court erred in admitting the hearsay statements of the defendant into evidence.
2. The trial court erred in not granting a mistrial when it was shown that the defendant had not been furnished all "Brady" material in response to defendant's prayer for oyer.
3. Prosecution witnesses had been instructed by police officers not to give any statements thereby obstructing defendant's defense.
4. The trial court erred in allowing the State to ask a defense witness for her opinion in two separate instances when the witness had not been qualified to render an opinion.
5. The trial court erred in allowing the prosecutor to testify during his questioning.
6. The trial court erred in denying defendant's Special Jury Charges Numbers 1 and 2.
7. The trial court erred in allowing the prosecutor to state his personal implications during closing argument.

*345 8. The sentence received by the defendant is excessive and is cruel and unusual punishment.
9. Any and all errors patent on the face of the record.

FACTS
The situation leading up to Bailey's perjury conviction arose as follows. Around 3:30 a.m. the morning of May 29, 1984, a St. Charles Parish grocer, Edwin Samuel Johnson, was killed in his grocery store. While investigating the killing, the police spoke to Albert Early and Darrell Flowers, who informed the police they saw the instant defendant, Sally May Bailey, standing on the corner of East Harding Street and East Railroad Avenue around 4:00 a.m. on the morning in question. That corner is across the street from the grocery where Johnson was killed.
The police, thinking Bailey might have some information about the killing, questioned her on May 31. At that time she gave an oral and written statement in which she denied being on the corner across from the grocery the morning of May 29. The next day Bailey was again questioned by the police. This time, she stated in a written statement that she had been on the corner where Early and Flowers saw her, and that she had seen Broderick Howard[1] entering the grocery store through a window and shortly thereafter dragging a heavy object "which must have been Snooks."[2] Based on this information, Howard was arrested for the Murder of Johnson.
Following Howard's arrest, a grand jury was convened to determine whether to indict Howard. Albert Early and Darrell Flowers testified, both stating they saw Sally May Bailey standing on the corner across from the grocery around 4:00 a.m. on the morning of the killing. Bailey then testified, contradicting both what she had told the police initially and Early and Flowers' testimony; she testified she had not left her house before 7:00 a.m. on the morning of the killing.
Since Bailey's second written statement to the police was the only evidence connecting Howard to the killing of Johnson, her testimony to the grand jury left no evidence upon which to indict Howard. Accordingly, Howard was not indicted, but Sally May Bailey was indicted for perjury. Her conviction forms the basis of this appeal.

ASSIGNMENT NO. 1
Appellant first contends the trial court erred in admitting statements she gave to the police into evidence on the basis they were hearsay.
As part of its case in chief, the State called several investigating officers to testify concerning the various statements defendant had given to the police. Defense counsel objected to their introduction, contending they were hearsay. The trial court overruled these objections, stating "The statements are being presented not for the truth of the statements but for the fact that they were made". (Tr. Vol. 2, pp. 145-146). We find no error in this determination.
Hearsay evidence is inadmissible in criminal trials, State v. West, 419 So.2d 868 (La.1982), and LSA R.S. 15:434. There are, however, well recognized exceptions to this rule, one being when the evidence is offered to show it was made, not for its truth or veracity. Such evidence is particularly relevant in a perjury prosecution.
It is apparent to us that the statements defendant made to the police were offered simply to show they were made, and that one of them contradicted her grand jury testimony. They were not offered to prove the truth of any facts asserted, such as whether she knew anything about Johnson's death.
This assignment lacks merit.

*346 ASSIGNMENT NO. 2
Appellant next contends a mistrial should have been granted because defendant had not been given certain Brady material,[3] despite a request for it.
During direct examination of State witness Darrell Flowers, it was established that Flowers had given two contrary statements to the police. In the first statement, Flowers claimed he did not see defendant standing on the corner near the grocery the night of the murder. Flowers said exactly the opposite in his second statement. Defense counsel objected and moved for a mistrial, which was denied.
The State claimed during argument on the motion for mistrial that they did not furnish the defense with a copy of Flowers' first statement because they felt it was more inculpatory than exculpatory under the Brady rule. Defense counsel admitted he knew that Flowers had given contradictory oral statements, but was not aware they had been reduced to writing. The trial judge ordered the State to furnish defense counsel with a copy of the contested material, and the trial proceeded.
La.C.Cr.P. art. 729.5 provides in part:
A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.

* * * * * *
It is clear from the above article that a mistrial is not mandated. Thus, the State's failure to comply with discovery procedure does not automatically result in a reversal.
We have reviewed the record to determine whether defendant suffered any prejudice from the State's noncompliance with the request for Brady material. We find she did not. Accordingly, this assignment lacks merit.

ASSIGNMENT NO. 3
Defendant contends her defense was obstructed because police officers had instructed certain prosecution witnesses not to discuss the case with anyone. Regardless of the truth of this assertion, defense counsel failed to raise any objections concerning this at trial. It is well established that issues and objections not raised at the trial level will not be considered on appeal unless the error alleged is discoverable by mere inspection of the pleadings and proceedings. State v. Richards, 426 So.2d 1314 (La.1982), State v. Belgard, 410 So.2d 720 (La.1982).
Accordingly, because the issue was not raised at the trial level, nor were any objections urged on this ground, it is not properly before this court for review. Moreover, it does not constitute error patent on the face of the record. We therefore refuse to consider the merits of this assignment.

ASSIGNMENT NO. 4
Appellant asserts the trial court erred in permitting the State to ask a defense witness under cross-examination two separate questions which called for that witness' opinion. We have reviewed the record on this point and conclude the questions asked did not call for an opinion. The defense witness was co-counsel for Broderick Howard and she was questioned concerning conversations she had had with the instant defendant regarding Howard's case. As such, the defense witness was certainly able to testify to these facts from her own personal knowledge, R.S. 15:463. Appellant contends the only way this witness could have properly answered these questions would be if she had been qualified *347 as an expert witness, R.S. 15:464. We reject this argument. The witness testified from her own personal knowledge of the facts. The assignment lacks merit.

ASSIGNMENT NO. 5
Next, appellant contends the trial court erred in allowing the prosecutor to testify during cross-examination, then on rebuttal, of a defense witness. A review of the record shows that the prosecutor was not testifying, that his questions were fully supported by the evidence, and that appellant has failed to demonstrate any prejudice resulting therefrom. Accordingly, assignment number 5 lacks merit.

ASSIGNMENT NO. 6
The next assignment concerns whether the trial court erred in denying defendant's Special Jury Charges Nos. 1 and 2. The trial judge rejected these charges because they were already included in the proposed general charges. We agree with this determination. La.C.Cr.P. art. 807 provides in part: "... A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
The assignment lacks merit.

ASSIGNMENT NO. 7
Appellant contends the trial court erred in allowing the prosecutor to state his personal implications during the rebuttal portion of closing argument. We disagree.
La.C.Cr.P. art. 774 provides in part: "The State's rebuttal shall be confined to answering the argument of the defendant." Our review of the record reveals that the prosecutor was directly rebutting the argument of defense counsel when defense counsel's objection was made. While a prosecutor's personal feelings are not a proper subject of closing argument under art. 774, defense counsel placed the credibility of the prosecutor, the prosecution and the case at issue by insinuating during its closing argument that the State was "hiding" certain witnesses' statements. The prosecutor did not go beyond the scope of closing argument in rebutting the defense's argument. The assignment lacks merit.

ASSIGNMENT NO. 8
Appellant argues her sentence is excessive and is cruel and unusual punishment.
Following a presentence investigation, the defendant was sentenced to 5 years, the maximum possible for a violation of R.S. 14:123(2). As a general rule, maximum sentences are appropriate only in cases involving the most serious violations of the offense and the worst type of offender. State v. Telsee, 425 So.2d 1251 (La.1983), State v. Lanclos, 419 So.2d 475 (La.1982). A trial judge, however, is afforded much discretion in imposing a sentence. The trial judge below gave the following reasons for the sentence:
... Most importantly, I have considered the seriousness of the matter in which the perjury was committed. Based on your initial statement to the investigators in a murder case, Broderick Howard was arrested and charged with first degree murder. Following your sworn testimony before the grand jury, a no true bill was returned and the charges against Broderick Howard were dropped. It has been determined that your testimony before the grand jury was perjured testimony.
We agree with the trial judge; murder is a serious matter, as is perjured testimony in connection therewith. We find no abuse of discretion in the sentence imposed.
The assignment lacks merit.

ASSIGNMENT NO. 9
Appellant next urges any and all error patent on the face of the record. We have reviewed the record and found none.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] It appears from the record that Broderick Howard was Bailey's boyfriend.
[2] "Snooks" is the same person as Johnson.
[3] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963) requires the State, upon request, to produce evidence which is favorable to the accused where it is material to guilt or punishment.