CHEHARDY, Chief Judge.
Defendant, Sally M. Bailey, was found guilty of perjury and sentenced to five years at hard labor, the maximum penalty for that offense. Defendant appealed from her conviction and sentence. They were affirmed by this court in State v. Bailey, 470 So.2d 342 (La.App. 5th Cir.1985). Writs were granted. The Supreme Court confirmed the conviction, but set aside the sentence and remanded the matter to the district court for full articulation of reasons for judgment. State v. Bailey, 477 So.2d 696 (La.1985). Following remand defendant was resentenced to the same maximum penalty.
The situation leading up to Bailey’s perjury conviction arose as follows:
On May 29, 1984, Edwin Samuel Johnson, a St. Charles Parish grocer, was murdered about 3:30 a.m. after apparently surprising a burglar in his store. During their investigation police officers learned that Albert Early and Darrell Flowers had driven past the store about 4 a.m. and saw Sally Bailey standing across the street. She was questioned by police and gave an oral and written statement in which she *1200 denied being on the corner across from the grocery on the morning of the murder.
The next day Bailey was again questioned by the police. This time she gave a written statement that she had been on the corner where Early and Flowers saw her and that she had seen Broderick Howard (apparently her boy friend) entering the grocery store through a window and emerge shortly thereafter dragging a heavy object “which must have been ‘Snooks.’[1] Based on this information Howard was arrested for the murder of Johnson.
Following Howard’s arrest a grand jury was convened to determine whether or not to indict Howard. Early and Flowers both testified they saw Sally Bailey standing on the corner across from the grocery about 4 a.m. on the morning of the murder. Bailey then testified, contradicting what she had told police initially and the testimony of Early and Flowers. She testified she had not left her house before 7 a.m. on the morning of the killing.
Since Bailey’s second written statement was the only evidence tying Howard to the murder, recantation of the statement left the grand jury no evidence upon which to indict Howard. It did, however, return a perjury indictment against Bailey. Her sentence forms the basis of this appeal.
In this court appellant makes one assignment of error: that the sentence constitutes cruel and unusual punishment. Defendant is a single mother. She claims the maximum sentence keeps her from her children for an excessive period of time and is not warranted by the nature of the crime and her lack of prior substantial criminal activity.
In resentencing the defendant the trial court gave the following reasons:
“The Supreme Court has instructed me to be more specific explaining my reasons for sentencing you to five years at hard labor, the maximum penalty allowed for perjury. I shall go over each section of Article 894.1 as it applies to you.
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is no undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
“The crime of perjury for which you were convicted is a deliberate, defiant and continuing crime. Your perjured testimony has resulted in the aborting of a first degree murder investigation. The initial statement you made to investigators resulted in the arrest of Broderick Howard on first degree murder charges. Your recanting that statement when you were called to testify before the grand jury resulted in Howard’s being released from custody. That grand jury testimony has been determined to have been perjured. Any sentence less than five years under these circumstances would deprecate the seriousness of the crime for which you have been convicted. It would indicate to other witnesses of serious crimes that they could lie in proceedings, get a light sentence, and go on with their lives. That would not be appropriate.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
“As a result of your perjured testimony the defendant in a first degree murder trial was set free and remains free in the community.
*1201 (2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
“I am convinced from the record that you are well aware that without your testimony Broderick Howard would not go to trial. I am certain you realized and continue to realize the serious harm that resulted from your criminal conduct.
(3) The defendant acted under strong provocation;
“I realize you did act under strong provocation. I am certain you were afraid to testify against Howard when you realized the seriousness of the charges against him and that you were the only witness.
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
“Your motivation in committing the crime you committed is purely personal, and does not excuse or justify your conduct.
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he has sustained;
“The victim of your crime is the community. The only way you could compensate for the damage or injury you have caused would be to come forward with the truth. You have not exhibited a willingness to do so.
(7) The defendant has no history of prior delinquency or criminal activity or has led a lawabiding life for a substantial period of time before the commission of the instant crime;
“You have been arrested on two separate occasions in two separate parishes for cruelty to juveniles.
“The first arrest was in New Orleans on September 1, 1980 when several of your children, the oldest of whom was eight, were left alone while you went to the comer bar. The children were removed from your custody for three and one half months.
“On February 17, 1984 you were again arrested in a bar (this time in St. Charles Parish) for leaving your children alone.
“Your record of criminal activity is not substantial. However, your persistence in refusing to recant your perjured testimony indicates to me your continuing disregard for the law.
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate he is unlikely to commit another crime;
“I do not believe that you have yet accepted the responsibility for your criminal behavior. It is unlikely you would respond differently to a similar set of circumstances. Let me reiterate, this is a continuing crime.
(10) The defendant is particularly likely to respond affirmatively to probationary treatment;
“Based on the information gathered in the pre-sentence investigation and on all other information in the record, I cannot conclude you would likely respond affirmatively to probationary treatment.
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
“You have not been a model parent in the past. Your children are well cared for under the present arrangements in the custody of your sister and grandmother.
“You have exhibited absolutely no remorse for the crime you have committed. I have no hesitancy to impose the maximum penalty provided under our law for a crime that has such a serious impact on the entire community. In fact, a five year sentence under the present circumstances seems a very small price to pay. I would like to note that under the sentence you have received you are eligible for parole as of February 16. I will go on record as being opposed to that parole.”
*1202 Article 1, Section 20 of the Louisiana Constitution of 1974 prohibits “ * * * cruel, excessive or unusual punishment.”
The Supreme Court discussed the function of LSA-C.Cr.P. art. 894.1 with respect to a trial judge’s sentencing discretion in State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982), as follows:
“Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. * * * Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). * * * This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence of as excessive.
[[Image here]]
A sentence is unconstitutionally excessive when it is grossly out of proportion to the severity of the offense, or inflicts unnecessary pain and suffering. State v. Reed, 409 So.2d 266 (La.1982).
In its evaluation of the excessiveness of sentence an appellate court will examine the reasons set forth by the sentencing court to determine whether there has been a manifest abuse of discretion which would warrant a setting aside of the sentence. State v. Willis, 420 So.2d 962 (La.1982); State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983).
It is not the function of a reviewing court to substitute its judgment for that of the trial court, but rather to determine if the lower court abused its broad sentencing discretion. State v. Murdock, 416 So.2d 103 (La.1982); State v. Honore, 451 So.2d 77 (La.App. 5th Cir.1984); State v. Berthelot, 449 So.2d 692 (La.App. 5th Cir.1984).
Upon remand the trial judge did follow the guidelines of C.Cr.P. art. 894.1 in particularizing the sentence to the defendant. She has therefore complied with the codal provision.
Accordingly our review is limited to whether or not the sentence is excessive. The defendant was sentenced to the maximum term for a violation of LSA-R.S. 14:123(2). As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense, and the worst type of offender. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982).
Because of the perjurous testimony of the defendant, charges of first degree murder against the suspect were refused by the grand jury. Her conduct frustrated efforts of law enforcement officials to bring the suspected murderer to trial. While the defendant had two previous minor offenses, this offense was of a very serious nature and its effect upon the community of New Sarpy cannot be overlooked.
To determine if the sentence is grossly disproportionate the court must consider the punishment and the crime in the light of the harm to society and determine whether the penalty is so disproportionate as to shock the sense of justice. See State v. Lodrige, 414 So.2d 759 (La.1982); State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983); State v. Guidroz, 432 So.2d 348 (La.App. 1st Cir.1983).
In reviewing the articulate reasons given in full detail by the trial court we find no abuse of discretion which would warrant setting aside the sentence.
For the reasons assigned the sentence is affirmed.
SENTENCE AFFIRMED.

. "Snooks” is the same person as Johnson, the murdered grocer.