526 So.2d 230 (1988)
STATE of Louisiana
v.
David P. BOUDREAUX.
No. 87-KA-781.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
*231 Terry M. Boudreaux, Asst. Dist. Atty., Research & Appeals, Gretna, for plaintiff/appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant/appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, David P. Boudreaux, was charged on July 3, 1986, by a bill of information with aggravated battery in violation of LSA-R.S. 14:34.
The trial court accepted Boudreaux's plea of not guilty on August 12, 1986. Boudreaux's trial began on April 6, 1987, before twelve jurors; the number of the jurors was reduced on April 8 to comply with LSA-1974 Const. Art. 1, sec. 17 and LSA-C.Cr.P. art. 782, which mandate a six person jury. The jury of six rendered a verdict of guilty on April 9, 1987.
The trial court sentenced the defendant to ten years at hard labor with credit for time served, assessed a $5,000 fine, and costs on June 23, 1987. It is from this conviction and sentence that the defendant appeals asserting seven assignments of error.

FACTS
On June 9, 1986 David Boudreaux tied his wife, Cynthia Boudreaux, who was home temporarily from Mandeville Hospital, to the kitchen table. He then tortured her both vaginally and anally. He inserted live electrical wires into her mouth, rectum, and vagina, as well as dragging the wires down her thighs and poking them at her breasts. According to the victim, he then had intercourse with her while she was still tied. Following the abuse he untied her.
For the next few days Mrs. Boudreaux was kept locked in their trailer home. When she was able to escape she ran to a neighbor's house. She was visibly distressed but did not reveal the extent of her injuries. The neighbor, Mrs. Gilbert, allowed her to spend the night and, after noticing the severity of the injuries, took the victim to Charity Hospital.
Mrs. Boudreaux suffered from deep, extensive electrical shock burns. She subsequently had to undergo a colostomy, and operations to reconstruct her sphincter muscle and to remove the dead tissue in the anal area.
The police were notified by the hospital as to a possible rape. At the hospital the police officers spoke with the victim and were told the defendant, David Boudreaux, was the perpetrator of the injuries. A warrant was issued to search Boudreaux's trailer home. He was subsequently charged with aggravated battery.
The defendant maintains his innocence arguing that his wife's wounds were self inflicted due to a psychiatric disorder.

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that he was tried by a jury composed of more jurors than the law allows. Specifically, Boudreaux complains that the trial judge tried the case before twelve jurors instead of six, and that because both the constitution and statute require a six-person jury to try a case which is punishable with or without hard labor, trying the case with a twelve-person jury constitutes reversible error.
Defendant Boudreaux was charged with aggravated battery. LSA-R.S. 14:34. Aggravated battery is a relative felony punishable by imprisonment with or without hard labor for not more than ten years. Offenses not necessarily punishable by hard labor must be tried before a jury composed of six jurors. LSA-1974 Const. *232 Art. 1, sec. 17;[1] LSA-C.Cr.P. art. 782.[2] Accordingly, defendant was entitled to be tried and convicted by a jury composed of six persons. State v. Nedds, 364 So.2d 588 (La.1978).
The record in this case shows that twelve persons were sworn as jurors; one alternate was also sworn. On the third day of trial and approximately half way through the defendant's case in chief, the trial judge realized the improper size of the jury and reduced the jury to the first six jurors selected, plus one alternate. The subsequent deliberation and verdict returned was reached by the correct number of jurors.
Where the correct number of jurors is six, a verdict handed down by a jury of twelve is null. State v. Nedds, supra;[3]State v. Ferguson, 474 So.2d 964 (La.App. 5 Cir.1985). However, the trial court may rectify the otherwise fatal error by dismissing the excess jurors before deliberation and verdict. State v. Mosley, 425 So.2d 764 (La.1983).
In State v. Mosley, supra, the defendant, charged with a relative felony, was tried before a twelve person jury. On the second day of trial, the trial court recognized the error and, over the objection of defense counsel, dismissed the last six jurors who had been selected, retaining the same alternate juror. The trial judge then proceeded before a six person jury. When presentation of the evidence was completed, the trial judge dismissed the alternate juror, and the six jurors proceeded to deliberate, eventually returning the unanimous guilty verdict. On appeal, the defendant argued that the commencement of trial before a twelve person jury was error. The Court determined defendant's argument to be without merit, stating that:
"We conclude that defendant's constitutional and statutory rights were not violated in the present case. The case was tried before a jury of six persons. While there were 12 jurors when the first witness testified, only the first six jurors took part in the deliberations before rendering a unanimous verdict." (Footnote omitted.)
Mosley, supra at 766.
We likewise hold, in the case sub judice, that although the evidence was presented to more than six jurors, the dismissal of the additional six jurors before deliberation and verdict rectified the otherwise fatal error. Thus defendant Boudreaux's constitutional and statutory rights were not violated.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the trial court erred when it admitted into evidence ten color photographs showing the victim's wounds. Defendant objected to their admission as gruesome and prejudicial because in color. He argues that black and white photographs would serve the same probative value but without the prejudicial effect.
To be admissible the probative value of an allegedly gruesome photograph must outweigh its prejudicial effect upon the jury. Generally, photographs are admissible that illustrate any fact, shed light upon *233 an issue in the case, or are relevant and reliably describe the person, thing, or place depicted. State v. Hartman, 388 So.2d 688 (La.1980). The fact that photographs are in color does not in itself make them inadmissible, State v. Gallow, 338 So.2d 920 (La.1976), even despite the fact that duplicate black and white pictures may be available. State v. Flowers, 509 So.2d 588 (La. App. 5 Cir.1987).
The ten color photographs at issue here depict each of the burn wounds of Mrs. Boudreaux. The photographs appear probative and admissible to establish the location and number of the wounds, the cause of the wounds, and their severity. Further, while grim, we do not find them so gruesome as to `overwhelm reason' and to cause a jury to lose sight of the need for the prosecutor to establish with sufficient independent evidence the guilt of the accused. State v. Flowers, supra.
Therefore, the trial court did not err in admitting the photographs into evidence.

This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the trial judge erred by failing to investigate alleged jury tampering in violation of LSA-R.S. 14:129, which is defined as:
Jury tampering is any verbal or written communication or attempted communication, whether direct or indirect, made to any juror in a civil or criminal cause, including both grand and petit jurors, for the purpose of influencing the juror in respect to his verdict or indictment in any cause pending or about to be brought before him, otherwise than in the regular course of proceedings upon the trial or other determination of such cause. To constitute the offense of jury tampering, the influencing or attempt to influence the juror must be either:
(1) for a corrupt or fraudulent purpose, or
(2) by violence or force, by threats whether direct or indirect.
Whoever commits the crime of jury tampering shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.
On the last day of trial, defense counsel told the court that defendant informed him that someone had phoned defendant and said that Ms. Marcy Hamilton, the victim's cousin, left in the elevator with several of the jurors and talked to them. The district attorney offered either that the state could later interview Ms. Hamilton as to her communication to the jurors, or that the court could voir dire each juror. Defense counsel apparently chose the former as he asked the court to note his objection for the record and to go forward with the trial. Later that day, the state reported to the court for the record that the state interviewed Ms. Hamilton who stated that she did not try to influence the jurors. Rather, she stated that she said to one of the jurors as they left the courtroom that this is an interesting case. The trial court then investigated whether defense counsel was making an allegation that Ms. Hamilton tried to influence the jury to which the defense counsel responded in the negative.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant asks this court to review the record for errors patent.
In an error patent review LSA-C.Cr.P. art. 921 provides "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." Review of the record for errors patent includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Flowers, supra.
Our review of the record discloses that the trial was commenced with an incorrect number of jurors. This is discussed in assignment of error number one. *234 No further errors are patent on the face of the record.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant alleges that he was entitled to a directed verdict of acquittal at the close of the state's case-in-chief on the basis that the evidence presented by the state was insufficient for conviction. Defendant also filed a motion for a post verdict judgment of acquittal again arguing that the evidence presented by the state was insufficient for conviction. Defendant urges this court to review the case to determine whether the evidence presented by the state was sufficient to justify the verdict.
Initially, it is noted that the motion for a directed verdict is properly made only when the case is tried before a judge alone. LSA-C.Cr.P. art. 778.
The defendant may move for a post verdict judgment of acquittal following the verdict. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. LSA-C.Cr.P. art. 821. The test on appeal to determine the sufficiency of evidence is whether a reasonable fact finder, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Defendant Boudreaux was convicted of aggravated battery on his wife. Aggravated battery is a battery committed with a dangerous weapon. LSA-R.S. 14:34. A battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33. A dangerous weapon includes any instrumentality, which, in the manner used is calculated or likely to produce death or great bodily harm. LSA-R.S. 14:2(3).
At trial the evidence showed:
(1) The victim was severely burned causing serious injury.
(2) The burns were caused by electrodes that were inserted in her rectum, vagina, and mouth, as well as dragged across her thighs and poked at her breasts.
(3) The victim had to undergo a colostomy and other reconstructive surgery as her anal sphincter was completely rotted away from the electrical burns.
(4) The victim positively identified the defendant Boudreaux as the perpetrator of her injuries.
The defendant testified that he did not inflict the injuries upon the victim.
By returning a unanimous verdict of guilty, it is obvious the jurors found, as they were entitled to do, that the testimony of the state's witnesses was more credible. The appellate court will not disturb credibility determinations beyond the appeal court's evaluation of sufficiency under the Jackson standard of review. State v. Richardson, 425 So.2d 1228 (La.1983).
After reviewing the testimony of the witnesses and other record evidence, we find the jury acted reasonably. Viewing the evidence in the light most favorable to the prosecution, all the facts established the essential elements of the crime such that a reasonable fact finder could conclude beyond a reasonable doubt that the defendant caused Ms. Boudreaux's injuries. The trial court correctly refused defendant's motion for a post verdict judgment of acquittal.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 6
Defendant alleges that the trial court improperly denied his motion for a new trial on three grounds. First, he contends that the verdict is contrary to the law and evidence[4] because the bill of information lists the date of the offense as "on or about" June 9, 1986, whereas the evidence presented by the state's witnesses shows that the offense took place on June 12, *235 1986. The date of the offense is not essential to the offense of aggravated battery in this case, and therefore, shall not invalidate the bill. LSA-C.Cr.P. art. 468.[5] The bill charged an aggravated battery "on or about" June 9, 1986; it supplied defendant with sufficient information to identify the offense and defend against it. See, State v. Frith, 436 So.2d 623 (La.App. 3 Cir.1983), writs denied, 440 So.2d 731 (La.1983).
Further, defendant did not raise this complaint until after conviction, nor did he show either surprise or prejudice by the date shown on the bill.
Defendant next urges that the trial judge erred in denying his motion for a new trial because the medical history of the victim indicates that she is a paranoid schizophrenic. He asserts that a characteristic of this disorder is sexual mutilation and that this creates reasonable doubt sufficient to acquit the defendant and renders the verdict contrary to the law and evidence. LSA-C.Cr.P. art. 851(1).
While it is true that a new trial is required when the verdict is contrary to the law and evidence, the defendant's theory that paranoid schizophrenics, Mrs. Boudreaux in particular, mutilate their sexual organs, is unverified. At trial, defendant presented the testimony of Dr. Abun-Taleb, a psychiatrist who treated Mrs. Boudreaux. Dr. Abun-Taleb was asked if people suffering from schizo-effective disorders are involved in violence to themselves. Dr. Abun-Taleb responded: "... not that I know of." The defense attorney asked Dr. Abun-Taleb if the victim had ever related any self inflicted injuries or that she had pulled her hair out. The doctor answered no to both questions. The defense attorney again asked the following:
Q. In general a person with schizo-effective disorder, would they be more likely to cause bodily injury to themselves?
A. I don't think that's a characteristic.
Q. You don't see it as a characteristic?
A. No, not in our case.
Q. Not in her case?
A. Her case.
Q. In general, is that part of the characteristic of a schizo-effective disorder?
A. No .. no.
Q. Self injury is not?
A. Is not.
It is apparent from defendant's witness' testimony that the victim's psychological problem was not the cause of her injury. The evidence did not create a reasonable doubt of the defendant's guilt.
Finally, defendant asserts that new and material evidence was discovered which requires a new trial. Defendant argues that over 1100 pages of medical records were provided to him and reviewed after the trial had begun which contain names of all doctors who treated Mrs. Boudreaux for her psychiatric disorder. Defendant alleges that had this information been known prior to trial, subpoenas could have been issued and detailed medical testimony, as regards the issue of self mutilation as a characteristic of Mrs. Boudreaux's psychiatric disorder, could have been elicited, so as to create a reasonable doubt of defendant's guilt.
In his motion for new trial based on newly discovered evidence defendant Boudreaux, as required by C.Cr.P. art. 854,[6] gave the names of witnesses who would testify, the facts they might establish, and their availability; but the defendant did not show that the new evidence would probably change the verdict as required by LSA-C. *236 Cr.P. art. 851(3).[7]State v. Huizar, 414 So.2d 741 (La.1982). At trial, defendant presented witnesses to discuss the victim's psychological disorders including the testimony of the victim's treating physician. As stated, the doctor did not feel that the victim's condition would include a predisposition to self mutilation, and there is no showing that the testimony from the alleged newly discovered witnesses would be contradictory.
Furthermore, defendant did not show that notwithstanding the exercise of due diligence, the evidence was not discoverable before or during trial. LSA-C.Cr.P. art. 851(3); State v. Quebedeaux, 424 So.2d 1009 (La.1982). The defendant's first attorney filed a motion for discovery. This motion was heard and deemed satisfied by his subsequent attorney at the motion hearing on December 2, 1986. There was no additional request for discovery or specific reports. Thus, the defendant did not show that the alleged newly discovered evidence would likely change the result of the verdict, or that it could not have been discovered during trial through the exercise of reasonable diligence. Having so concluded and finding no abuse of the trial court's wide discretion, State v. Prudholm, 446 So.2d 729 (La.1984), we hold that the trial court properly denied defendant Boudreaux's motion for a new trial.

This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 7
Defendant alleges that the trial judge erred in imposing an excessive sentence.
The trial judge in this case imposed the maximum sentence for aggravated batteryten years at hard labor and a $5,000 fine.
Louisiana Constitution, Article 1, Section 20 (1974), prohibits the imposition of cruel, unusual or excessive punishment. Although the choice of sentences within the statutory limits lies within the discretion of the trial judge, it must be individualized and this entails consideration of the underlying circumstances of the crime. State v. Day, 414 So.2d 349 (La.1982). Maximum sentences are reserved for the most serious violations of the charged offense and for the worst kind of offender. State v. Quebedeaux, supra; State v. Bailey, 494 So.2d 1199 (La.App. 5 Cir.1986), writs denied, 496 So.2d 351 (La.1986).
At the sentencing hearing the trial judge articulated in compliance with LSA-C.Cr.P. art. 894.1 the following factual basis for imposition of the maximum sentence on defendant Boudreaux:
Mr. Boudreaux, the Court sentences you to ten years at hard labor and a five thousand dollar fine to be paid upon your release from prison. I sentence you to the maximum sentence available in this matter because I believe I have never seen ... in my entire career ... something this hateful and mean perpetrated on another human being. Outside of what simply was heard in Nazi prision (sic) camps I've never seen anything ... and I believe that under article 894.1 that there is undue risk that during a period of suspended sentence probation that you'd commit another crime of a similar nature on this very same person. Which you're further in need of correctional treatment or custodial environment that *237 can be provided most effectively by commitment to an institution. A lesser sentence will deprecate the seriousness of this very heinous and hateful mean crime. Any man who takes a woman and electrocutes her ...
... I sentence you to ten years at hard labor and without benefit of parole. Suspension that's not a part of this crime but ten years at hard labor and a five thousand dollar fine to be paid upon your release from prison....
We agree with the trial court's stated basis for imposition of the maximum sentence. The crime committed by defendant Boudreaux was of the most heinous nature. We also agree with the trial court that there is an undue risk that this particular defendant unless institutionalized would commit another crime of a similar nature on the same victim.
Under the circumstances, we feel, that the maximum sentence here imposed, rather than shock our sense of justice, is the only appropriate sentence for this particular defendant. We find no abuse of the trial court's wide sentencing discretion. State v. Bailey, supra.
This assignment of error is without merit.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Article I, Section 17 of the 1974 Louisiana Constitution provides that "[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons ..."
[2] LSA-C.Cr.P. art. 782 provides in part that "... Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict."
[3] In his dissent to the majority opinion in State v. Nedds, supra at page 589 Justice Dennis wrote:

"Defendant was convicted of a relative felony by a jury of twelve persons. Prior decisions of this Court have held that such a defect in the proceedings requires remand, State v. Rabbas, 278 So.2d 45 (La.1973); and several decisions have even treated jury size as jurisdictional, State v. Reeves, 128 La. 37, 54 So. 415 (1911). This position would be justified in those cases where a defendant is convicted by a jury composed of fewer persons than the law mandates. However, where the defendant is convicted by a larger jury, he has, in effect, been provided greater protection than the minimum required by law...."
[4] LSA-C.Cr.P. art. 851(1) provides:

The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and evidence ...
[5] LSA-C.Cr.P. art. 468 states:

Art. 468. Date and time
The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.
[6] LSA-C.Cr.P. art. 854 provides:

A motion for a new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:
(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
(3) The facts which the witnesses or evidence will establish; and
(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
The newly discovered whereabouts or residence of a witness do not constitute newly discovered evidence.
[7] LSA-C.Cr.P. art. 851(3) provides:

The court, on motion of the defendant, shall grant a new trial whenever:
. . . .
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;