liYELVERTON, Judge.
On June 16, 1992, the defendant, Clifton Jones, Jr., was charged by bill of information with inconsistent statements; perjury, a violation of La.R.S. 14:124. After Jones was found guilty as charged, the State filed a habitual offender bill on May 18, 1993. The defendant was found to be a habitual offender and was sentenced to twenty years at hard labor to be served consecutive to the sentence the defendant was then serving. On appeal of the defendant’s conviction and sentence, defense eounsel_[¿filed a brief claiming there were no non-frivolous issues to be raised. In an unpublished opinion, this court affirmed the defendant’s conviction and sentence.
In May of 1995, the defendant filed a Motion to Set Aside the Multiple Bill Conviction, which the trial court denied. This court found merit in the defendant’s claims, again in an unpublished opinion, vacating the defendant’s habitual offender adjudication and sentence and remanding the matter to the trial court for further proceedings, including an arraignment on the habitual offender bill.
On June 18, 1996, the defendant was arraigned on the habitual offender bill and entered a plea of not guilty. On October 1, 1996, a habitual offender hearing was conducted, and the defendant was adjudicated a second felony offender. The defendant was sentenced on May 6, 1997, to serve 20 years at hard labor to run consecutive to any other sentence previously imposed.

FACTS:

The defendant and several other persons were charged with the murder of Contrell Alexander. On February 11, 1992, the defendant testified as a state’s witness against Michael Hill. The defendant described the events involved in the murder in great detail, including the participation of Michael Hill. On May 12,1992, the defendant was called to testify at the trial of another principal to the murder, Irvin Pierre. During the Pierre trial, the defendant repeatedly stated that he lied during his testimony in the Hill trial, and that Hill was not involved in the murder. Based on these inconsistent sworn statements, defendant was charged with perjury.
*373 i sentence
The defendant argues his sentence is constitutionally excessive because it is grossly out of proportion to the seriousness of the offense and was nothing more than the needless infliction of pain and suffering.
Three days after initially sentencing the defendant in open court, the sentencing judge ruled on a motion to reconsider sentence and issued ‘Written Reasons Pursuant to R.S. [sic] 15:529.1” which contained the following reasons for adhering to the imposition of the 20-year sentence:
The undersigned did not preside at any of the earlier hearings but I have examined the record and concluded that the sentence earlier imposed was not- unreasonable or excessive. The perjury, as I understand it, which defendant committed was not during an ordinary, run of the mill ease; it was relative to a homicide. That factor, along with the violent crime of which the defendant was previously convicted, justified, in my view, the sentence imposed.
Inconsistent statements; perjury is defined in La.R.S. 14:124. The penalty provisions of La.R.S. 14:123, which were in effect at the time of the commission of the crime, carried a maximum sentence of ten years at hard labor when the perjury is committed in a felony trial.[1] The defendant’s adjudication as a second felony offender allowed the judge, under existing law, to impose a sentence of not less than five years and no more than twenty years. Thus, the defendant received the maximum sentence allowed under law. Maximum or near maximum sentences are to be reserved for the Lworst offenders and the worst offenses. State v. Sepulvado, 26,948 (La.App. 2 Cir. 5/10/95), 655 So.2d 623, writ denied, 95-1437 (La.11/13/95), 662 So.2d 465.
In State v. Bailey, 494 So.2d 1199, 1202 (La.App. 5 Cir.), writ denied, 496 So.2d 351 (La.1986), the court determined that five years, the maximum sentence that could be imposed in that case pursuant to La.R.S. 14:123(2), was not excessive where the defendant’s perjured testimony “frustrated efforts of law enforcement officials to bring the suspected murderer to trial.” In the present case we, like the sentencing judge, have no hesitation finding that the maximum sentence is warranted. Judge Brouillette, who presided at Michael Hill’s trial, testified during the perjury trial that the defendant deliberately lied during Michael Hill’s trial, implicating Hill as a key player in the murder of Contrell Alexander. During the Pierre trial, the defendant claimed he knew nothing about the death of Contrell Alexander and he did not even know whether Hill and the others were involved in the murder. The statements made by the defendant in Hill’s trial seriously impaired the judicial process from functioning as it is intended. Perjury by a witness can send an innocent man to prison or help a guilty man walk free. The maximum sentence is warranted in this case.
The sentence is affirmed.
AFFIRMED.

. By Acts 1995, No. 820, § 1, the penally provision for perjury in a trial where a life sentence may be imposed was increased to not less than five years without benefit of parole, probation, or suspension of sentence, nor more than forty years plus a fine of up to $100,000.