_JjMcCLENDON, J.,
concurs and assigns reasons.
I believe the conviction of the defendant should be affirmed and adopt in part the reasoning set forth by Justice Dennis in State v. Nedds, 364 So.2d 588 (La.1978), and subscribed to by Justice Lemmon in State v. Mosley, 425 So.2d 764, 766 n. 4 (La.1983). Clearly, the defendant could have waived the jury entirely. Therefore, his trial before a twelve person jury constitutes a waiver of his right to trial by a *896 fewer number of jurors.[1] Furthermore, the defendant has neither alleged nor shown that he suffered any prejudice as a result of being convicted by a unanimous twelve person jury. Although it is difficult to imagine that the defendant could show any prejudice under this factual scenario, I do not rule out that possibility. Accordingly, as defendant did not raise as error the numerical makeup of the jury and did not allege or show prejudice resulting from said jury composition, I would affirm the conviction.

. The issue of fundamental due process where a defendant is tried by a jury composed of fewer persons than mandated by the Constitution of the State of Louisiana is not present here.